Eastern District of Kentucky
FILED
MAR 3 1 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

CIVIL ACTION NO. 06-146-DLB

JAMES D. NICHOLS, ET AL.                                           PLAINTIFFS

vs.                        **MEMORANDUM ORDER**

PROGRESSIVE DIRECT
INSURANCE COMPANY, ET AL.                                          DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on several pending motions, which fall into three categories. One, several Defendants have moved to dismiss this action based on various, overlapping grounds. (Docs. #31, #61, #64, #67, #69, #71) Two, Plaintiffs have moved to remand this case to state court. (Doc. #28) And three, Defendant Progressive Direct Insurance Company (Progessive) has moved to sever the claims of the various Plaintiffs. (Doc. #37) Defendants Shelter Mutual Insurance Company (Shelter Mutual) and Alfa Vision Insurance (Alfa Vision) move to join in Progressive's motion (Docs. #54, #56), and Plaintiffs move to stay adjudication of Progressive's Motion to Sever until their Motion to Remand is adjudicated (Doc. #49). These matters are ripe for consideration.

### Background

Plaintiffs initiated this action with their June 15, 2006, filing of a Class Action Complaint in the Boone County District Court.[1] Plaintiffs twice amended their suit to add

---

[1] A Kentucky district court's jurisdiction in civil matters is typically limited to cases under $4,000.00. K.R.S. § 24A.120(1). The named Plaintiffs proposed class consists of plaintiffs whose

additional Plaintiffs and Defendants, with the substance of the Complaint remaining the same.

The named Plaintiffs sue on behalf of themselves and those similarly situated. This lawsuit is virtually the Boone District Court mirror image of a Kenton District suit filed by the same Plaintiffs' counsel, *Kendrick, et al. v. Standard Fire Insurance Company, et al.,* Covington Civil Action No. 06-141, which lawsuit has also been removed to this Court.

The gist of both lawsuits is that Defendant insurers are adding local tax charges to Plaintiffs' insurance premiums – be it city, county, charter county, consolidated local government, or urban-county government taxes – along with a fee for collection of this local tax. According to Plaintiffs, while the tax is supposed to be based on the actual premiums paid to insure a risk in a particular geographic area, Defendants have failed in various ways to correctly administer these local taxes. As noted, their lawsuit was filed as a proposed class action. In addition to a Plaintiff class, they propose a Defendant class of insurers who are authorized to do business in Kentucky and who have been improperly charging local tax premiums.[2] Indeed, this lawsuit and the *Kendrick* suit propose virtually identical statewide classes.[3]

---

claims do not exceed this jurisdictional limit.

[2] Plaintiffs propose to define the class as "All customers of the Defendants and customers of any other insurance company doing business in the Commonwealth of Kentucky who purchased an insurance policy and who were unlawfully charged local government premium taxes or collection fees for the period of time from January 2001 to the present and have not had their premiums returned to them by the date of the filing of the Complaint."

[3] A third proposed class action lawsuit was filed by the same Plaintiffs' counsel in the Kenton Circuit Court, perhaps because the named Plaintiff's alleged damages exceeded the district court jurisdictional limit, that being *Gleeson Trucking, Inc. v. General Casualty Co. of Wisconsin,* Case No. 06-CI-1574. That action has not been removed to this Court.

Plaintiffs' Second Amended Complaint, like the Kendrick case, presents eight counts. They sue for illegal dealing in premiums in violation of K.R.S. § 304.1-190, relying upon K.R.S. § 446.070 to pursue a civil claim for violation thereof (Count I); fraud (Count II); conversion (Count III); negligent misrepresentation and servicing (Count IV); breach of fiduciary duty (Count V); civil conspiracy (Count VI); a declaration that Defendants have been improperly charging collection fees in addition to the local tax (Count VII); and vicarious liability for conducting the complained-of actions through their agents and employees (Count VII).

This Boone District Court lawsuit was removed to this Court on July 18, 2006, by Defendant Progressive. Its Notice of Removal reflects it removed in reliance upon the provisions of the Class Action Fairness Act of 2005 ("CAFA" or "the Act"), 28 U.S.C. § 1332(d), and diversity jurisdiction, § 1332(a).

Since removal, several of the named insurance Defendants have filed motions to dismiss, advancing threshold challenges to the various claims itemized above. In addition, Progressive, joined by Shelter Mutual and Alfa Vision, moves to sever Plaintiffs' claims as failing to qualify for permissive joinder. That request, to some extent, is related to Progressive's removal of the case based upon traditional diversity of citizenship. Plaintiffs object to any consideration of severance prior to ruling upon the motion to remand. This disagreement is addressed hereinbelow. As for the motions to dismiss, those must await consideration until after the Court first determines whether it has subject matter jurisdictional authority over this proceeding.

## Discussion

### A. Motion to Remand

As noted, this case was removed to this Court by Defendant Progressive. In doing so, Progressive identified the basis for removal as being diversity of citizenship. It noted two forms of diversity were being relied upon – the recently-enacted Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and traditional § 1332(a) diversity.

Traditional § 1332(a) diversity subject matter jurisdiction requires complete diversity of the parties. All of the named Defendant insurers added by Amended Complaint were of diverse corporate citizenship, with the exception of Defendant Kentucky Farm Bureau. Consequently, in conjunction with asserting this type of diversity jurisdiction, Progressive also asserted that Plaintiffs had fraudulently misjoined their claims. That is, Progressive advocated the appropriate course of action would be for the Court to separate the claims of the various Plaintiffs according to the insurer being sued, thereby resulting in complete diversity with respect to those Plaintiffs asserting claims specifically against Progressive.

As the parties note in their filings, allegations of fraudulent misjoinder are not a common occurrence, nor one the Sixth Circuit has had occasion to elaborate upon. More importantly, an analysis of fraudulent misjoinder is simply not necessary, given that the Court finds it has subject matter jurisdiction over this case pursuant to CAFA, the primary jurisdictional basis set forth in Progressive's removal notice.

The *Kendrick* case was also removed to this Court pursuant to CAFA. Plaintiffs likewise sought remand. The Court's contemporaneous decision in *Kendrick* includes an analysis of its subject matter jurisdiction over that proceeding based upon the CAFA. That

-4-

discussion will not be repeated here; that Order is attached hereto and its discussion on this point incorporated by reference.

Curiously, in their Reply Plaintiffs now suggest that the Court exercise jurisdiction over this proceeding if it concludes it has subject matter jurisdiction in *Kendrick*, rather than the actions being pursued in both federal and state court. Given that the Court has ruled in *Kendrick* that it has jurisdiction pursuant to CAFA, presumably Plaintiffs' remand request has effectively been withdrawn. Nevertheless, subject matter jurisdiction cannot be waived. Therefore, a brief discussion of this point is in order.

The basic requirements for establishing the application of the CAFA – minimal diversity, sufficient proposed plaintiff class size, and $5 million amount in controversy in the aggregate – apply with equal force herein. The Court's conclusion in *Kendrick* that these requirements had been sufficiently established also applies with equal force to this case.

However, in this case, unlike *Kendrick*, one of the named Defendants, Kentucky Farm Bureau, is a Kentucky corporate citizen that writes a substantial amount of insurance in the Commonwealth. Even so, the Court finds that neither the "home state" or "local controversy" exceptions have been shown to exist. The "home state" exception requires that two-thirds or more of the proposed plaintiff classes are citizens of Kentucky. While at first blush this would seem reasonably plausible given Plaintiffs' proposed statewide class, Plaintiffs also propose a class period of approximately five years. To conclude that over this period at least two-thirds of these persons remained citizens of the state would be sheer speculation at this stage. This exception also requires that *the* primary Defendants

-5-

be Kentucky citizens. The difficulty of establishing which Defendants constitute primary ones was discussed by the Court in *Kendrick*.

The "local controversy" exception also requires the same two-thirds showing of citizen Plaintiffs and so would suffer from the same establishment hurdle as with the "home state" exception. Its additional requirement of at least one defendant from Kentucky is satisfied with the presence of Kentucky Farm Bureau. But the conduct of Kentucky Farm Bureau must form a "significant basis" for the claims and "significant relief" must be sought from this Defendant. This standard cannot be established without further proof as to the magnitude of the relief being sought from Kentucky Farm Bureau and the ability to compare that relief to that being sought from the co-defendants. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006).

Therefore, the Court concludes that it has valid subject matter jurisdiction over this case pursuant to CAFA.

### B. Motions to Dismiss

Several named Defendants have filed motions to dismiss Plaintiffs' claims. In large part, these motions reflect the same arguments raised in the dismissal motions filed in *Kendrick*; namely, threshold challenges to some or all of the Counts in the Amended Complaint and jurisdictional challenges for failure to exhaust administrative remedies. These challenges are addressed at length in the Court's Order in *Kendrick*, which is attached hereto rather than being repeated herein.

Defendant Kentucky Farm Bureau raises an additional challenge in its dismissal motion. It submits that the claims alleged against it by the Hahn Plaintiffs are erroneous;

that is, that the documents attached to the Complaint were in fact quotes, and that the Hahns were not actually charged a local premium tax.[4] As evidence of this, Defendant attaches various insurance billing and declaration documents along with the company representative affidavit interpreting them. Plaintiffs oppose Defendant's motion, disputing the counter factual representations made. And while Kentucky Farm Bureau maintains that the tendered information does not convert their Rule 12 motion into one for summary judgment, Plaintiffs maintain otherwise.

The Court finds that, given that the Hahns dispute the accuracy of the Defendant's representations, threshold dismissal for failure to state a claim would be premature. While certain attachments do not serve to convert a Rule 12 motion into a Rule 56 motion, this exception is typically limited to those attachments that serve to supplement the information already provided in the complaint. While the documents do in a general sense supplement the premium charge information offered by the Hahns, they also seek not so much to explain that information as to counter its proffered accuracy. This nature of dispute is one better left and more typically sorted out in discovery.

The Motions to Dismiss also raise what can be characterized as challenges of a more general nature pertaining to Plaintiffs' overall setup of their lawsuit. Namely, several of the motions request the Court formally dismiss any claims against the moving Defendant by any named Plaintiffs or the putative class of persons they seek to represent who lacks contractual privity with that Defendant. In response, Plaintiffs agree that contractual privity is required and state it was never their intention to pursue otherwise. Defendants also

---

[4]Plaintiff Sanning's claims, also against Kentucky Farm Bureau, were not included in Defendant's dismissal request aside from the overall challenge to the merits of the Complaint.

challenge that the putative Defendant class is not actually formally defined in the Second Amended Complaint, moving to dismiss on this basis. Plaintiffs respond that to the extent the Court believes the scope of their putative Defendant class may be unclear from the Complaint and requires addressing prior to the filing of a class certification motion, the appropriate remedy is to grant them leave to amend rather than to dismiss. Both of these contentions, in the Court's view, relate to considerations presented in conjunction with addressing class certification issues, and are more appropriately taken up at that time and in that context.

### C.     Motions to Sever

Defendant Progressive also moves to sever the claims of the named Plaintiffs, and is joined by Shelter Mutual and Alfa Vision in its request. Progressive argues that Plaintiffs' claims should be severed because Plaintiffs fail to satisfy the permissive joinder standards of Civil Rule 20(a) in that Plaintiffs' claims do not arise from the same transaction, occurrence or series of transactions or occurrences, nor do they involve common questions of law or fact. These Defendants further maintain that severance is needed to avoid confusion for the jury at trial. Finally, Defendants submit severance is necessary to avert Plaintiffs' attempt to manipulate the Federal Rules so as to destroy diversity. As to this final point, the Court has already determined that it has subject matter jurisdiction. Thus, Plaintiffs' motion to stay the Court's consideration of severance pending determination of jurisdiction is now moot.

However, as to the Defendants' other articulated grounds for severance, these questions correspond to those that will be before the Court in addressing class certification. That is, deferring consideration of the need for and nature and extent of any severance of

claims until such time as case management and class certification are discussed is the more appropriate course of action in the Court's view. This topic, and the points noted in the motions to dismiss as discussed above, should be reviewed in that case managment and planning context.

### Conclusion

Accordingly, for the reasons noted herein, **IT IS ORDERED** that:

(1)  Plaintiffs' Motion to Remand (Doc. #28) is hereby **denied.**

(2)  Defendants' Motions to Dismiss (Docs. #31, #61, #64, #67, #69, and #71) are hereby **denied.**

(3)  Defendants' Motions to Sever (Docs. #37, #54, and #56) are hereby **denied.**

(4)  Plaintiffs' Motion to Stay (Doc. #49) is hereby **denied as moot.**

(5)  This matter is hereby scheduled for a **status call/case management conference** on **May 3, 2007, at 1:00 p.m.**

(6)  Not later than **April 25, 2007,** the parties shall file a joint proposed case management plan, to the extent possible; otherwise, an individual filing can be made.

This 31st day of March, 2007.



Signed By:
David L. Bunning
United States District Judge