UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (COVINGTON)

|  |  |  |
|---|---|---|
| JAMES D. NICHOLS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-CV-146 (DLB) |
| | ) | |
| PROGRESSIVE DIRECT | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# SETTLEMENT AGREEMENT

TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................................... i

INTRODUCTION AND RECITATIONS ............................................................................... 1

DEFINITIONS ......................................................................................................................... 2

SETTLEMENT PURPOSES ONLY ...................................................................................... 10

THE SETTLEMENT CONSIDERATION ............................................................................. 11

TAXES ................................................................................................................................... 12

PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING ................. 14

RELEASES ............................................................................................................................ 15

SUPERVISION AND DISTRIBUTION OF THE SETTLEMENT FUND .......................... 16

DISTRIBUTION PLAN ........................................................................................................ 18

CLAIMS ADMINISTRATION PROCESS........................................................................... 19

OPT-OUT RIGHTS AND OBJECTIONS TO THE SETTLEMENT................................... 21

PLAINTIFFS ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES
AND PLAINTIFF'S INCENTIVE AWARD ........................................................................ 22

CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL,
CANCELLATION OR TERMINATION .............................................................................. 24

MISCELLANEOUS PROVISIONS ...................................................................................... 28

## INTRODUCTION AND RECITATIONS

THIS AGREEMENT is made as of this 27th day of September, 2007, entered into by and between Defendant Safe Auto Insurance Company ("Safe Auto"), by counsel, Plaintiff Jamie Brown (the "Plaintiff"), by Class Counsel, and Settling Class Members as defined below, by Class Counsel.

WHEREAS, the case *Nichols, et al. v. Progressive Direct Insurance Company*, *et al.*, No. 06-CI-0229 was filed on June 22, 2006, in the District Court of Boone County, Commonwealth of Kentucky, alleging Safe Auto collected from its customers premium taxes that were either not owed or at rates higher than permitted;

WHEREAS, the Litigation was removed to this Court and is now captioned *Nichols, et al. v. Progressive Direct Insurance Company*, *et al*., United States District Court, Eastern District of Kentucky, Northern Division at Covington, Civil Action No.: 06-CV-146 (DLB);

WHEREAS, this case has been consolidated for some purposes, including discovery, with a companion case entitled *Kendrick, et al. v. Standard Fire Insurance Company, et al.*, Civil Action No.: 2:06-CV-141 (DLB);

WHEREAS, Plaintiff claims that Safe Auto improperly collected from her and the Settlement Class Members premium taxes that were either not owed or at rates higher than permitted by the local county or municipality;

WHEREAS, Safe Auto has denied and continues to deny the material allegations asserted against it by Plaintiff;

WHEREAS, Safe Auto and Plaintiff, through their respective counsel and company representatives, have engaged in informal and formal discovery and have conducted an

examination and investigation of the facts and law relating to the matters set forth in Plaintiff's Complaint;

**WHEREAS**, Safe Auto and Plaintiff, through their respective attorneys and representatives, also have conducted arm's-length negotiations, which negotiations have resulted in this Agreement to settle Plaintiff's and Class Members' claims as set forth below;

**WHEREAS**, based upon extensive analysis of the facts and the law applicable to Plaintiff's allegations, and taking into account the burdens and expense of litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of Plaintiff and the Settlement Class; and

**WHEREAS**, Safe Auto similarly has concluded that this Agreement is desirable in order to avoid the time, risk and expense of defending protracted litigation, and to resolve finally and completely the pending and potential claims of Plaintiff and the Settlement Class against Safe Auto;

**NOW, THEREFORE**, Safe Auto and Plaintiff stipulate and agree that any and all Claims of the Plaintiff and the Settlement Class against Safe Auto shall be finally resolved on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement as a good faith, fair, reasonable and adequate settlement under Rule 23 of the Federal Rules of Civil Procedure.

    1.    **<u>DEFINITIONS</u>**

As used in the Settlement Agreement, the following terms have the meanings

specified below.

1.1      "Claim" means a request by Plaintiff or member of the Settlement Class for a benefit under this Settlement Agreement.

1.2      "Claim Form" means the form approved by the Court that Settlement Class Members must complete in order to receive a benefit under this Agreement.

1.3      "Class Counsel" or "Plaintiff's Counsel" means:

> Alexander F. Edmondson
> Jason V. Reed (87513)
> EDMONDSON & ASSOCIATES
> 28 West Fifth Street
> Covington, KY 41011
> P: (859) 491-5551 F: (859) 491-0187
>
> Christopher S. Nordloh
> NORDLOH LAW OFFICE, P.L.L.C.
> 28 West Fifth Street
> Covington, KY 41011
> P: (859) 491-9991 F: (859) 491-0187
>
> Gary E. Mason
> THE MASON LAW FIRM, L.L.P.
> 1225 19th Street NW, Suite 500
> Washington, D.C. 20036
> P: (202) 429-2290 F: (202) 429-2294
>
> Alexander E. Barnett
> THE MASON LAW FIRM, L.L.P.
> 1120 Avenue of the Americas, Suite 4019
> New York, NY 10036
> P: (212) 362-5770
>
> John C. Whitfield
> WHITFIELD & COX, P.S.C.
> 29 East Center Street
> Madisonville, KY 42431
> P: (270) 821-0656 F: (270) 825-1163

1.4      "Counsel for Safe Auto" means:

K. Roger Schoeni, Esq. (82813)
Kohnen and Patton, LLP
201 East Fifth Street, Suite 800, PNC Center
Cincinnati, Ohio 45202-4190
P: (513) 381-0656; F: (513) 381-5823

Craig A. Cohen
Nelson, Levine, de Luca & Horst, LLC
4 Sentry Parkway – Suite 300
Blue Bell, PA 19422
P: (610) 862-6562 F: (610) 862-6501

Randall S. Rabe
Nelson, Levine, de Luca & Horst, LLC
280 North High Street – Suite 920
Columbus, Ohio 43215
P: (614) 228-1398 F: (614) 221-7529

1.5        "Court" means the United States District Court for the Eastern District of Kentucky, Northern Division at Covington.

1.6        "Defendant" means Safe Auto and all of its predecessors and past and present affiliates, subsidiaries, directors, officers, employees and agents, including, but not limited to, Safe Auto Insurance, Safe Auto Insurance Company, Safe Auto Group Agency, Safe Auto Service, Inc., and SAGI Realty Limited.

1.7        "Effective Date" means the first date by which all of the events and conditions specified in paragraph 12.1 of this Settlement Agreement have been met and have occurred.

1.8        "Escrow Agent" means Rust Consulting, Inc.

1.9        "Excluded Person" means a Person that submits a valid and timely Request for Exclusion, *i.e.*, a request to be excluded from the Settlement Class, and that

would otherwise be a Settlement Class Member under the terms of this Settlement Agreement.

1.10 "Final" means, with respect to the Final Approval Order and Judgment, that the following events have occurred: (a) the Court has entered the Final Approval Order and Judgment substantially in the form attached hereto as Exhibit B dismissing with prejudice the Litigation; and (b) the latest of: (i) the expiration of the time to seek review or appeal of the Judgment (including the period allowed for service by mail under Fed. R. Civ. P. 6(a) and (e)) without any review or appeal having been sought or taken; or (ii) the final affirmance on any appeal of the Judgment and either the expiration of the time for a petition for a writ of certiorari to review the Judgment or the denial of certiorari or, if certiorari is granted, the final affirmance of the Judgment following review pursuant to that grant; or (iii) the expiration of the time to file a motion under Fed. R. Civ. P. 59(e) to alter or amend the Judgment dismissing with prejudice the Litigation (or any other motion described in Fed. R. App. P. 4(a)(4)) (including the period allowed for service by mail under Fed. R. Civ. P. 6(a) and (e)) without any such motion having been filed; or (iv) if such motion to alter or amend is filed, or if review, appeal or writ of certiorari of any decision on such motion is sought or taken, the final determination of such motion, review or appeal, including any review by certiorari, in such a manner as to permit the implementation of the Settlement in accordance with the terms set out in this Settlement Agreement. For purposes of this Settlement Agreement, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees, the reimbursement of costs, the disbursements awarded to Plaintiff's Counsel and/or the incentive award granted to Plaintiff. Any proceeding or order, or any appeal or petition for a writ of certiorari,

pertaining solely to any application for attorneys' fees, costs, expenses or Plaintiff's incentive award shall not in any way delay or preclude the Judgment from becoming Final.

1.11    "Judgment," "Final Judgment" and "Final Order and Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12    "Litigation" means *Nichols, et al v. Progressive Direct Insurance Company, et al.*, United States District Court, Eastern District of Kentucky, Northern Division at Covington, Civil Action No.: 06-CV-146 (DLB).

1.13    "Notice" means, collectively, the communications by which the Settlement Class is notified of the existence and terms of the Settlement.

1.14    "Notice Date" means the date upon which Notice is first mailed to the Settlement Class.

1.15    "Notice Plan" means the plan that sets forth the program for notifying the Settlement Class of the Settlement, attached hereto as Exhibit A-1, which will be submitted to the Court with the motion for Preliminary Approval.

1.16    "Opt-Out Period" means the period for filing a Request for Exclusion ending on the deadline contained in the Notice, but in no case, not later than twenty-one (21) days prior to the Final Approval Hearing.

1.17    "Parties" or "Settlement Parties" means the Plaintiff, the Settlement Class Members, and Safe Auto.

1.18    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust,

unincorporated association, government entity or any political subdivision or agency thereof, and any business or legal entity; with respect to individually owned businesses, each of their spouses, heirs, predecessors, successors, representatives or assigns, and with respect to corporate entities, each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees, agents, and attorneys.

1.19    "Plaintiff" means Jamie Brown.

1.20    "Preliminary Approval" and "Preliminary Approval Order" means the Court's conditional certification of the Settlement Class, preliminary approval of this Agreement, appointment of Settlement Class Counsel and the Settlement Class Representative, and approval of the form of Notice.

1.21    "Released Claims" means the release and discharge of Safe Auto and each of its parents, subsidiaries, divisions, affiliates, assignors, assignees, predecessors, successors, officers, directors, employees, agents and attorneys, from any and all claims asserted, or which could have been asserted, in the Litigation and any and all claims and potential claims, demands, rights, liabilities and causes of action that have arisen or could arise hereafter, whether known or unknown, whether asserted or that could have been or could hereafter be asserted by any member of the Settlement Class or any parent, affiliate or subsidiary of any of such member against Safe Auto and any of its subsidiaries, affiliates, directors, officers, employees and/or agents, concerning or relating in any way to or arising in any way from any omission, inclusion, determination, and/or calculation of premium taxes; but excluding from this release any claim for enforcement of this Agreement and/or the Final Order and Judgment and claims relating to any alleged product defect, personal injury or breach of contract.

1.22     "Relevant Time Period" means the period from June 22, 2001 through the date the Court signs the order preliminarily approving the Settlement Agreement.

1.23     "Request for Exclusion" means a request to be excluded from the Settlement Class, submitted in accordance with instructions provided in the Notice.

1.24     "Reverter" means that to the extent any Settlement Funds are not expended pursuant to this Settlement Agreement, the remaining Settlement Funds shall be returned to Safe Auto within ten (10) days of the expiration of the Term of the Agreement.

1.25     "Safe Auto" means Safe Auto Insurance Company and all of its predecessors, successors and past and present affiliates, subsidiaries, directors, officers, employees and agents, including, but not limited to, Safe Auto Insurance, Safe Auto Insurance Company, Safe Auto Group Agency, Safe Auto Service, Inc., and SAGI Realty Limited.

1.26     "Settlement" means the settlement contemplated by the terms, conditions and provisions set forth in this Settlement Agreement.

1.27     "Settlement Administrator" means Rust Consulting, Inc., of 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402.

1.28     "Settlement Agreement" or "Agreement" means this Settlement Agreement, including all Exhibits hereto.

1.29     "Settlement Agreement Date" means the date as of which the Settling Parties enter into this Settlement Agreement.

1.30     "Settlement Class" means all persons, including individuals and corporations, in the Commonwealth of Kentucky, who purchased insurance from Safe Auto and who, during the Relevant Time Period, were charged local government taxes on their

payments of premiums that were either not owed or at rates higher than permitted by the local government or municipality wherein they reside. Excluded from the Settlement Class are: (1) Safe Auto and any entity in which Safe Auto has a controlling interest or which has a controlling interest in Safe Auto, and the legal representatives, assigns and successors of Safe Auto; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family; and (3) all Persons who, in accordance with the terms of this Agreement, properly request exclusion from the Settlement Class.

1.31    "Settlement Class Member" means any person or entity, including but not limited to the individual representative plaintiff, that satisfies all of the requirements for inclusion in the Settlement Class as set forth in paragraph 1.30 herein, and that does not validly request exclusion therefrom.

1.32    "Settlement Consideration" means the amount paid by Safe Auto to or on behalf of the Settlement Class in exchange for the settlement and release of all Released Claims. The Settlement Consideration is Two Million Five Hundred and Twelve Thousand ($2,512,000.00) Dollars.

1.33    "Settlement Fund" means the Settlement Consideration plus any interest that may accrue on such amount.

1.34    "Settling Parties" means, collectively, the Plaintiff, on behalf of herself and each Settlement Class Member, and Safe Auto.

1.35    "Term of Agreement" means the period commencing on the date of Preliminary Approval and lasting until such time that the Settlement Administrator finalizes the payment on the last timely filed Claim, unless otherwise directed by the Court.

2.   **SETTLEMENT PURPOSES ONLY**

2.1        Safe Auto and Plaintiff understand and agree that, pursuant to this Agreement they are compromising and settling disputed claims asserted by Plaintiff and the Settlement Class against Safe Auto.  Accordingly, Safe Auto and Plaintiff understand and agree that neither this Agreement (including all terms thereof and Exhibits thereto), nor performance under the terms of this Agreement by any party thereto is, or shall be construed as: (1) an admission by Safe Auto of the validity of any claim, theory or fact; (2) an admission by Safe Auto of liability, fault or responsibility; (3) an admission by Safe Auto of the existence, cause or extent of any damages and/or losses alleged or suffered by any Settlement Class Member; or (4) an admission by Safe Auto of the existence, cause or extent of any damage and/or losses suffered by Plaintiff.  Further, Safe Auto and Plaintiff understand and agree that neither this Agreement (including all terms thereof and Exhibits thereto), nor performance under the terms of this Agreement by any party thereto is, or shall be construed as, an admission by the Plaintiff, Settlement Class Members or Class Counsel of the validity of any fact or defense asserted against them in this Litigation or in any other action.

2.2        This Agreement is without prejudice to the rights of Safe Auto to: (a) oppose class certification in this Litigation should this Agreement not be approved or implemented by the Court for any reason (including, but not limited to, termination or the exercise of withdrawal rights by Safe Auto); (b) oppose class certification in any other proposed or certified class action; or (c) use the certification of a Settlement Class in the Litigation to oppose certification of any other proposed or existing class relating to or purporting to assert any Settled Claim(s).

3.      **THE SETTLEMENT CONSIDERATION**

3.1      The total Settlement Consideration to be paid by Safe Auto is Two Million Five Hundred and Twelve Thousand ($2,512,000.00) Dollars.

3.2      Within five (5) business days of the entry by the Court of the Preliminary Approval Order, as described in paragraph 5.1, Safe Auto will deposit with the Escrow Agent the sum of Two Million Five Hundred and Twelve Thousand ($2,512,000.00) Dollars in cash to be held in a separate interest-bearing escrow account controlled by the Settlement Administrator (subject to the provisions of this Settlement Agreement; the escrow agreement between Rust Consulting, Inc., Safe Auto and Class Counsel, if any; and the orders of the Court) which shall be invested in certificates of deposit of banks organized under the laws of the United States which have capital and surplus of at least $500 million, in U.S. Treasury bills or notes, or in the STI U.S. Treasury Money Market Fund, for the benefit of the Settlement Class.  All income earned by the Settlement Fund shall become part of the Settlement Fund.

3.3      Safe Auto shall have no responsibility for, and no liability whatsoever with respect to, any costs of administering the Settlement, providing notice to members of the Settlement Class or distributing the Settlement Fund, or for the payment of Plaintiff's attorneys' fees, costs or expenses or the payment of any incentive awards to Plaintiff.  All such costs, expenses and attorneys' fees that are approved by the Court in the Action shall be paid out of the Settlement Fund.

3.4      Notwithstanding the foregoing paragraph 3.3, to assist in determining the amounts of overpayments made by Class Members, within ten (10) business days after the Settlement Agreement Date, Safe Auto will provide Class Counsel with the following lists:

– 11 –

(a) in electronic form, the names and mailing addresses of those Persons that it believes to be members of the Settlement Class, based on its existing records and information; and (b) in electronic form, records sufficient to determine the amount of premium tax paid by each Settlement Class Member during the Relevant Time Period in excess of applicable tax rates during that time period and to calculate interest pursuant to paragraph 8.3.

3.5     In addition to the Settlement Consideration set forth in paragraph 3.1, Safe Auto agrees to implement and maintain reasonable resources in the form of data, software, and personnel, to insure the accurate calculation, collection, and allocation of insurance premium taxes levied pursuant to the authority of Kentucky Revised Statutes § 91A.080, for future transactions.

4.     **<u>TAXES</u>**

4.1     Plaintiff, Safe Auto, the Settlement Administrator and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1.  In addition, the Settlement Administrator and, as required, Safe Auto shall jointly and timely make the "relation-back election" (as provided for in Treas. Reg. Section 1.468B-1(j)(2)) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such Treasury regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2     For the purposes of Section 468B of the Internal Revenue Code of 1986, and Treas. Reg. Section 1.468B-2(k)(3), the "administrator" shall be the Settlement Administrator.  The Settlement Administrator shall timely and properly file all informational

and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. Section 1.468B-2(k)(1) and Treas. Reg. Section 1.468-2(1)).  Such returns (as well as the election described in paragraph 4.1 hereof) shall be consistent with this paragraph 4.2 and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, as provided in paragraph 4.3 hereof.

4.3       All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund ("Taxes") and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in paragraph 4.2 hereof) ("Tax Expenses") shall be paid out of the Settlement Fund.  Further, Taxes and the Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Settlement Class Members any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)).  All parties to this Settlement Agreement agree to cooperate with the Escrow Agent, the Settlement Administrator, each other and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this subsection.

4.4       During the period of time, if any, when the Settlement Fund is not a "qualified settlement fund" for federal or state income tax purposes, the Escrow Agent shall pay to Safe Auto in a timely fashion from the Settlement Fund sufficient funds to enable it to

pay taxes or tax detriments due, including any estimated taxes, interest or penalties on income earned by the Settlement Fund other than interest or penalties incurred by Defendant as a result of any action or inaction on the part of Defendant that caused the Settlement Fund to be treated as other than a "qualified settlement fund."

5. **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL HEARING**

5.1     Promptly after execution of the Settlement Agreement, Class Counsel will submit this Settlement Agreement together with its Exhibits to the Court and will prepare and file a motion seeking entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit "A" hereto, requesting, *inter alia*, (i) certification of the Settlement Class for settlement purposes only, (ii) appointment of Class Counsel and the Class Representative; (iii) preliminary approval of the Settlement set forth in the Settlement Agreement, (iv) a stay of consideration of all other motions and deadlines pending in the Litigation as relates to Safe Auto, and (v) approval of the proposed Notice Plan, Exhibit A-1 hereto, and for the mailing and publication of notices, substantially in the form of Exhibits A-2 (Summary Notice) and A-3 (Notice and Claim Form) hereto, which will include the general terms of the Settlement set forth in the Settlement Agreement, the general terms of the Fee and Expense Application (as defined in section 11 below), the date of the Final Approval Hearing (as defined in paragraph 5.2 below), and a description of Settlement Class Members' rights to exclude themselves from the Settlement or to object to the Settlement and/or appear at the Final Approval Hearing.  Class Counsel will submit the Notice Plan to the Court for approval together with the motion seeking entry of the Preliminary Approval Order.  Safe Auto will be permitted to file papers related to preliminary approval, in its sole discretion, no

later than five (5) business days after Class Counsel files the motion seeking preliminary approval.

5.2     Plaintiffs will request that, after Notice is given, the Court hold a hearing (the "Final Approval Hearing") to approve the Settlement of the Litigation as set forth herein. Class Counsel shall prepare and file, at least ten (10) days before the Final Approval Hearing, a motion seeking entry of an order (the "Final Order and Judgment"), substantially in the form of Exhibit B hereto, including (i) a determination that the notice given to the Settlement Class was adequate and complied fully with the requirements of Federal Rule of Civil Procedure 23 and satisfied due process; (ii) final approval of the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate, and in the best interests of the Settlement Class; (iii) dismissal with prejudice of the Litigation; and (iv) entry of a permanent injunction preventing members of the Settlement Class from maintaining any action against Safe Auto relating to or arising from the Released Claims and a provision that the Court shall maintain jurisdiction of the Litigation for purposes of enforcing the permanent injunction. Safe Auto shall be permitted to file papers related to final approval, in its sole discretion, at least ten (10) days before the Final Approval Hearing. At the Final Approval Hearing, Class Counsel also will request that the Court consider and rule upon the Fee and Expense Application.

6.     **RELEASES**

6.1     Upon the Effective Date, each Settlement Class Member, on behalf of themselves and, with respect to individuals or individually owned businesses, on behalf of each of their heirs, predecessors, successors, representatives or assigns, and, with respect to corporate entities, on behalf of each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees and agents, shall be deemed to have,

and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Safe Auto and its attorneys from any and all Released Claims. Upon the Effective Date, each Settlement Class Member, on behalf of themselves and, with respect to individuals or individually owned businesses, on behalf of each of their heirs, predecessors, successors, representatives or assigns, and, with respect to corporate entities, on behalf of each of their parents, subsidiaries, affiliates, assignees, predecessors, successors, officers, directors, employees and agents, will be deemed to have agreed not to sue Safe Auto or its attorneys with respect to the Released Claims and to have covenanted and agreed that it will not thereafter seek, and shall be enjoined from seeking, to establish liability against Safe Auto or its attorneys based upon any of the Released Claims.

6.2     Upon the Effective Date, Safe Auto will be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged Plaintiff, each Settlement Class Member, and Plaintiff's Counsel from all claims arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

6.3     The release and covenant not to sue set forth in paragraphs 6.1 and 6.2 herein shall be effective as to any Settlement Class Member that has not exercised its right to exclude itself from the Settlement Class, whether or not that Settlement Class Member has submitted a Claim Form or participated in the distribution of the Settlement Fund.

7.     **SUPERVISION AND DISTRIBUTION OF THE SETTLEMENT FUND**

7.1     Prior to the Effective Date, (i) Class Counsel may withdraw up to a total of Seventy Five Thousand ($75,000.00) Dollars from the Settlement Fund for payment of costs of administering the Settlement and/or providing notice to members of the Settlement

Class; (ii) the Escrow Agent may withdraw funds from the Settlement Fund for payment of Taxes and Tax Expenses; and (iii) the Escrow Agent may withdraw funds from the Settlement Fund for payment of its fees or its costs or expenses, upon ten (10) days advance notice, in writing, to the Settling Parties and provided the amount of such fees, costs or expenses has been approved by the Court.  In the event that the Settlement Agreement shall terminate or be canceled or shall not become effective for any reason, Class Counsel is not obligated to refund the amount(s) withdrawn from the Settlement Fund pursuant to this paragraph.

7.2     The Settlement Administrator, subject to such supervision and direction of Class Counsel and the Court as may be necessary or as circumstances may require, shall oversee the distribution of the Settlement Fund in accordance with the Distribution Plan set forth herein at Section 8, including calculating the amount to be allocated to each Settlement Class Member.

7.3     The Settlement Fund shall be distributed as follows:

(a)     First, to pay any costs, expenses and charges specified in paragraph 7.1;

(b)     Second, to pay all remaining reasonable costs and expenses: (i) of providing notice to the members of the Settlement Class, as directed by the Court; (ii) of the Settlement Administrator incurred in administering the Settlement; (iii) of any Taxes and Tax Expenses that may be due on any interest earned on the Settlement Fund; and (iv) arising out of the execution and implementation of the Escrow Agreement, if any;

(c)     Third, to pay Plaintiff's attorneys' fees, costs, expenses and incentive award, in such amounts as are allowed by the Court;

– 17 –

(d)     After deduction of the foregoing, to pay the balance of the Settlement Fund to eligible Settlement Class Members in accordance with the Distribution Plan; and

(e)     To the extent any Settlement Funds remain after the distribution to Settlement Class Members, there shall be a Reverter to Safe Auto, as set forth in paragraph 1.23.

7.4     Safe Auto and Counsel for Safe Auto shall not under any circumstances have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund; the determination, calculation or administration of payments to Settlement Class Members (except as provided in paragraphs 3.4 and 9.2); or the payment or withholding of Taxes (except as provided in paragraph 4.4), any losses incurred in connection therewith or any costs, fees or expenses associated therewith.

7.5     No Person shall have any claim against Plaintiff's Counsel or the Settlement Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement Agreement and the Settlement contained herein, or further orders of the Court.

8.     **<u>DISTRIBUTION PLAN</u>**

8.1     All Settlement Class Members who timely submit a valid claim form, as described in Section 9, shall be eligible to receive an award from the Settlement Fund equal to the full amount of premium tax paid during the Relevant Time Period, if any, in excess of applicable tax rates during that time period, consistent with the data provided by Safe Auto pursuant to paragraph 3.4.

8.2     Regardless of whether a Claim Form is submitted pursuant to paragraph 8.1 above, Settlement Class Members who are current policyholders as of the date the Court

grants Preliminary Approval of this Settlement, shall receive a full refund of the amount of premium tax paid, if any, in excess of applicable tax rates during the 24 month period preceding the Preliminary Approval Order consistent with the data provided by Safe Auto pursuant to paragraph 3.4.  If a Settlement Class Member is a current policyholder of Safe Auto, then Safe Auto, in its sole discretion, may credit the Settlement Class Member's account the amount of any award in lieu of a payment from the Settlement Fund.  Amounts awarded to the Settlement Class Member by account credit will not be deducted from the Settlement Fund.

8.3        If the total amount to be awarded eligible Settlement Members pursuant to paragraphs 8.1 and 8.2 exceeds the amount available from the Settlement Fund pursuant to paragraph 7.3(d), each eligible Class Member award will be reduced pro rata.

8.4        The calculation of the refunded amount of premium tax required by paragraphs 8.1 and 8.2 shall include simple interest at the rate of eight percent (8%) per annum.

9.        **CLAIMS ADMINISTRATION PROCESS**

9.1        Claim Forms must be mailed to the Settlement Administrator and postmarked no later than 60 days from the Notice Date.

9.2        Claim Forms that are timely mailed to the correct address shall be processed as follows:

(a)        Within (90) days after the Effective Date, the Settlement Administrator shall (i) make a determination of the payment, if any, due in response to each Claim Form timely mailed to the correct address and (ii) give written notice of each such determination to Safe Auto and to Class Counsel.  Safe Auto may refute

the determination of the payment, if any, due in response to a particular claim based in whole or in part on any deficiency in the information provided in the Claim Form, if inconsistent with information within Safe Auto's files. If Safe Auto identifies any such deficiency, it shall notify the Settlement Administrator who will then notify and provide the Class Member the opportunity, pursuant to paragraph 9.1(b) below, to correct the deficiency.

(b)     A Settlement Class Member who receives a determination of a deficiency shall have twenty (20) days after the date that the Settlement Administrator mails the determination to cure any deficiencies noted.

(c)     Within one hundred and eight (180) days after the Effective Date, the Settlement Administrator (or Safe Auto if payments are made by account credit) should make payment to eligible Settlement Class Members in accordance with the Distribution Plan.

9.3     Claim Forms that are not timely mailed to the Settlement Administrator will not be considered for payment and the individual Settlement Class Member will be provided written notice thereof.

9.4     All reasonable and necessary expenses incurred by the Settlement Administrator shall be paid from the Settlement Fund. The Settlement Administrator shall provide Class Counsel and Safe Auto's Counsel with a detailed written summary of the charges for its services.

9.5     The Settlement Administrator shall submit to Class Counsel and Safe Auto's Counsel a monthly report summarizing the work performed by the Settlement Administrator.

9.6     Safe Auto's Counsel shall have the right, at their sole expense, during the Term of Agreement to independently review the documents supporting the performance and findings of the Settlement Administrator.

9.7     The Settlement Administrator, Class Counsel, and Safe Auto shall retain all returned Individual Notices, Claim Forms, and correspondence relating thereto, for a period of up to three (3) years after the Effective Date.  After this time, the Settlement Administrator, Class Counsel, and Safe Auto may destroy documentary records that they have in their possession.  Nothing in this Agreement shall be construed to require the Settlement Administrator, Class Counsel, and Safe Auto to retain records beyond their respective discretionary record retention policies.

10.     **OPT-OUT RIGHTS AND OBJECTIONS TO THE SETTLEMENT**

10.1     A Settlement Class Member may opt-out of the Settlement Class at any time during the Opt-Out Period.  In order to exercise the opt-out right, the Settlement Class Member must prepare and submit a Request for Exclusion to the Settlement Administrator during the Opt-Out Period.  Except for those Settlement Class Members who have properly opted out, all Settlement Class Members will be deemed a Settlement Class Member for all purposes under this Agreement.  Any Settlement Class Member who elects to opt-out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in this Litigation; (ii) be entitled to relief under or be affected by this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion.

– 21 –

10.2     A Settlement Class Member requesting exclusion from the Settlement Class must submit a Request for Exclusion (containing their signature) by mail, postmarked no later than forty (40) days after the Notice Date. To be effective, such a request must include the Settlement Class Member's name and address, a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class, and the signature of the Settlement Class Member or, in the case of a Settlement Class Member who is deceased or incapacitated only, the signature of the legally authorized representative of the Settlement Class Member.

10.3     The Settlement Administrator shall provide Class Counsel and Safe Auto's counsel with copies of all completed Requests for Exclusion within three (3) business days after expiration of the Opt-Out Period.

10.4     Any Settlement Class Member who timely submits a Request for Exclusion shall have until the Fairness Hearing to mail to the Settlement Administrator a written revocation of the Request for Exclusion, such revocation to simply bear the Settlement Class Member's name, address, signature and desire to revoke his/her/its Request for Exclusion.

10.5     Settlement Class Members who do not request exclusion from the Settlement Class may object to the Settlement. Settlement Class Members who choose to object to the Settlement must file written notices of intent to object, as specifically set forth in the Notice.

11.    **PLAINTIFF'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PLAINTIFF'S INCENTIVE AWARD**

11.1    Class Counsel may submit an application or applications for distributions from the Settlement Fund for:  (a) an award of attorney's fees; (b) reimbursement of expenses, including the fees and expenses of any experts or consultants retained by Plaintiff, incurred in connection with prosecuting the Litigation (other than any amount(s) previously withdrawn from the Settlement Fund pursuant to paragraph 7.1); and (c) an incentive award to Plaintiff. Class Counsel reserve the right to make additional applications for fees and expenses incurred (the "Fee and Expense Application").  Safe Auto will not oppose an application or applications by Class Counsel for attorneys' fees not exceeding Five Hundred and Ninety Five Thousand ($595,000.00) Dollars and an incentive award to the Plaintiff not exceeding One Thousand Five Hundred ($1,500.00) Dollars.

11.2    The attorneys' fees, expenses and costs, as awarded by the Court, shall be paid to Class Counsel solely from the Settlement Fund, not before and within seven (7) business days after the Effective Date, as defined in paragraph 1.7 above.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed in its entirety, or the Settlement Agreement is canceled or terminated for any other reason, Plaintiff's Counsel shall have no entitlement to any Fee and Expense Award.

11.3    The procedure for and the allowance or disallowance by the Court of any application by Plaintiff's Counsel for attorneys' fees, costs and expenses or any application for a plaintiff incentive award are not part of the Settlement and are to be considered separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Any order or proceedings relating to the fee and expense applications or the

– 23 –

plaintiff incentive award, or any appeal from any order relating thereto, shall not operate to terminate or cancel the Settlement or affect the finality of the Court's Judgment approving the Settlement Agreement and the Settlement set forth herein, or any other orders entered pursuant to the Settlement Agreement.

11.4    Safe Auto shall have no responsibility for and no liability whatsoever with respect to any payment to Plaintiff's Counsel or any other counsel or Person that receives payment, directly or indirectly, from the Settlement Fund.

11.5    Safe Auto shall have no responsibility for, and no liability whatsoever with respect to the allocation among Plaintiff's Counsel and/or any other Person that may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

12.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, <u>CANCELLATION OR TERMINATION</u>**

12.1    The Effective Date of the Settlement Agreement shall be conditioned on the occurrence of all of the following:

(a)    The payment of the Settlement Consideration required by paragraph 3.1 above has been timely made;

(b)    The Court has entered the Preliminary Approval Order, substantially in the form annexed hereto as Exhibit A, as required by paragraph 5.1 above;

(c)    Safe Auto has not given notice of intent to withdraw from this Settlement pursuant to paragraph 12.2 hereof;

(d)      The Court has entered the Judgment, or a judgment substantially in the form of  Exhibit B hereto; and

(e)      The Judgment has become Final, as defined in paragraph 1.10 above.

12.2      Safe Auto shall also have the right, in its sole discretion, to terminate the Settlement Agreement in the event that two thousand (2,000) or more Settlement Class Members request to be excluded from the Settlement Class.  The Settling Parties shall ask that the Court set a deadline for the submission of Requests for Exclusion forty (40) days after the Notice Date.  The Settlement Administrator shall provide Class Counsel and Counsel for Safe Auto with copies of any Requests for Exclusion and all other documents received from the Excluded Persons within three (3) business days after receipt by the Settlement Administrator. To exercise its rights pursuant to this paragraph either to terminate this Settlement Agreement or to receive a refund from the Settlement Fund, Safe Auto shall provide written notice to Gary E. Mason of The Mason Law Firm and the Settlement Administrator within fifteen (15) days after the deadline set by the Court for the submission of Requests for Exclusion, or after any extension(s) thereof ordered by the Court.

12.3      Unless otherwise ordered by the Court, in the event that the Settlement Agreement shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by Counsel for Safe Auto or Class Counsel to the Escrow Agent and to counsel for the other Settling Party, all money in the Settlement Fund (including accrued interest), less any amount up to Seventy Five Thousand ($75,000) Dollars that Class Counsel has withdrawn for payment of costs of providing notice to members of the Settlement Class pursuant to paragraph 7.1 herein, and less any Taxes and Tax Expenses paid or due, and less any fees and expenses paid or due to

the Escrow Agent, shall be refunded by the Escrow Agent to Safe Auto pursuant to written instructions from Counsel for Safe Auto. At the request of Counsel for Safe Auto, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Safe Auto pursuant to written instructions from Counsel for Safe Auto.

12.4     Within fourteen (14) business days after notice of the occurrence of any of the following events, Safe Auto shall have the right, exercisable at its own discretion, to terminate this Agreement by delivering written notification of such election to Class Counsel:

(a)     If the Court, or any appellate court(s), rejects, denies approval, disapproves, modifies or attempts to modify the Agreement or any portion of this Agreement that Safe Auto, in its sole judgment and discretion, believes is material, including, but not limited to, the terms of the Settlement Class relief, the provisions relating to notice, the definition of the Settlement Class, and the Released Claims;

(b)     The Court, or any appellate court(s), does not enter or completely and unconditionally affirm any portion of the Agreement, Preliminary Approval Order or Final Judgment that Safe Auto, in its sole judgment and discretion, believes is material;

(c)     If any regulatory agency or governmental agency should challenge any of the terms of the Agreement in any way that is, in Safe Auto's sole judgment and discretion, materially adverse to Safe Auto's interests;

(d)      If the number of Settlement Class Members who exclude themselves from the Settlement Class equals or exceeds two thousand (2,000);

(e)      If Plaintiff or any Class Member with an attorney-client relationship to Class Counsel, or their firms, opts-out of, excludes him/her/itself from or objects to the Settlement Class or the Agreement; or

(f)      If any financial obligation is imposed upon Safe Auto in addition to and/or greater than those specifically accepted by Safe Auto in this Agreement.

12.5      Within fourteen (14) business days after notice of the occurrence of any of the following events, Plaintiff shall have the right, to be exercisable within her own discretion, to terminate this Agreement by delivering written notification of such election to Safe Auto, if:

(a)      The Court, or any appellate court(s), rejects, denies approval, disapproves, modifies or attempts to modify the Agreement or any portion of this Agreement that Plaintiff, in her sole judgment and discretion, believes is material, including, without limitation, the terms of the Settlement Class relief, the provisions relating to notice, the definition of the Settlement Class, and the Released Claims; or

(b)      The Court, or any appellate court(s), does not enter or completely and unconditionally affirm any portion of the Preliminary Approval Order or Final Judgment that Plaintiff, in her sole judgment and discretion, believes is material.

12.6     If an option to withdraw from and terminate this Agreement arises under paragraphs 12.4 and 12.5, none of the parties are required for any reason or under any circumstance to exercise that option.

12.7     In the event that the Settlement Agreement is not approved by the Court or any provisions of any orders necessary to effectuate the Settlement are not entered by the Court substantially in the form attached hereto, or approval of the Settlement is modified or reversed in any material respect by any appellate or other court, or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms: (a) the Settling Parties shall be restored to their respective positions in the Litigation as immediately prior to the date of execution of this Settlement Agreement except as otherwise provided; and (b) the terms and provisions of the Settlement Agreement herein shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any attorneys' fees, expenses, interest or plaintiff incentive award awarded by the Court to the Plaintiff or any of his counsel shall constitute grounds for cancellation or termination of the Settlement Agreement.

13.     **MISCELLANEOUS PROVISIONS**

13.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any

other steps and efforts that may become necessary, by order of the Court or otherwise, to accomplish the terms and conditions of the Settlement Agreement.

13.2    The parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

13.3    Plaintiff, on behalf of herself and all Settlement Class Members, and Safe Auto agree that this Settlement Agreement (whether or not it shall become final), the Settlement provided for herein, and any negotiations, discussions, documents, and proceedings associated herewith or therewith, are not, and shall not be construed or invoked by anyone as, an admission or evidence of liability, wrongdoing, or damages on the part of any person or entity, including, without limitation, Safe Auto, or as an admission or evidence as to the truth or validity of any facts or claims asserted in any of the complaints or other pleadings filed against Safe Auto.  Neither this Settlement Agreement (including the Exhibits hereto), nor any orders or documents contemplated herein or related hereto, nor any of the terms hereof or thereof shall be offered or received in evidence as an admission of damages, liability, or wrongdoing on the part of Safe Auto.   Neither this Settlement Agreement (including the Exhibits hereto), nor any orders or documents contemplated herein or related hereto, nor any of the terms hereof or thereof shall be offered or received in evidence in any proceeding, except by a party seeking to enforce the terms hereof including by any party

seeking to enforce the Release or, to assert any argument or claim of collateral estoppel, res judicata, or like contention of fact, claim, or issue preclusion, or by any counsel with respect to a legal dispute in which the Settlement or the Settlement Agreement is in issue.  In no event shall this Settlement Agreement or any other settlement-related document be construed as, or deemed to be evidence of, an admission or concession by Safe Auto of any fault, wrongdoing or liability whatsoever or an admission or concession by Safe Auto that any claim that was brought or could have been brought against Safe Auto has any merit whatsoever.

13.4     Safe Auto has indicated its intent to vigorously contest each and every claim in the Litigation.  Safe Auto maintains that it has at all times consistently acted in accordance with the governing laws and regulations of each State in which it does business. Safe Auto denies each and every material allegation in the Litigation.  Safe Auto nonetheless has concluded that it is in its best interest that the Litigation be settled on the terms and conditions set forth in this Agreement.  Safe Auto reached this conclusion after considering the factual and legal issues in the Litigation, the substantial benefits of a final resolution of the Litigation, and the expense that would be necessary to defend the Litigation through trial and through any appeals that might be taken.

13.5     Safe Auto enters into this Agreement without in any way admitting, conceding or acknowledging any fault, liability, or wrongdoing of any kind.  Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Safe Auto of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind on the part of Safe Auto.  In the event the Settlement is not finally approved for any reason,

Safe Auto shall retain the right to object to the maintenance of the Litigation and/or any other case as a class action and to contest the Litigation and/or any other case on any ground.

13.6    Safe Auto may file the Settlement Agreement and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.7    Pending Court approval of the Settlement embodied in this Settlement Agreement, the Settling Parties agree to seek a stay of discovery and a stay of any and all other proceedings other than those incident to the settlement process, and agree to extensions of time with respect to any court filings necessary to effectuate such stays.

13.8    Neither Class Counsel nor Plaintiff shall make any statements to the media about the Litigation or the Settlement, except to refer media inquiries to the public record of the Litigation, or through a press release mutually agreed upon by the parties. Safe Auto and/or Counsel for Safe Auto shall be permitted to communicate with any member of the Settlement Class on any subject.  Neither Safe Auto nor Plaintiff, nor their respective counsel will encourage any Settlement Class Member to opt-out of the Settlement Class.

13.9    As her agent for the receipt of notices, court filings or other communications between the parties relating to this Settlement Agreement, Plaintiff, on behalf of herself and the Settlement Class, appoints Gary E. Mason, The Mason Law Firm, L.L.P., 1225 19th St., NW, Ste. 500, Washington, DC 20036, fax number (202) 429-2294. Safe Auto appoints Craig A. Cohen, Nelson, Levine, de Luca & Horst, LLC, 4 Sentry

Parkway – Suite 300, Blue Bell, PA 19422, fax number (610) 862-6501. Any communication made in connection with this Settlement Agreement shall be deemed to have been made when sent, if sent by overnight delivery or by registered, certified or first-class mail (with postage pre-paid), or when delivered in person or by facsimile (with confirmed receipt), to the counsel designated in this paragraph at the addresses and/or facsimile numbers designated for them in this paragraph. The persons designated in this paragraph as agents and their addresses may be changed by the represented party by written notice to the other signatories hereto in accordance with this paragraph.

Within thirty (30) days after the Effective Date, the Plaintiff and Class Counsel will arrange for the return or destruction of all confidential discovery and mediation materials received in this Litigation, in compliance with applicable Protective Orders entered by the Court in this Litigation, provided, however, that Class Counsel may retain file copies of pleadings or other court-filed documents, correspondence or memoranda that may contain confidential information. Within forty-five (45) days after the Effective Date, Class Counsel shall deliver a letter to Safe Auto confirming their compliance with this paragraph. In the event that any confidential discovery and mediation materials received in this Litigation have already been destroyed, Class Counsel will include in that letter the name and address of the person(s) who destroyed the materials. All agreements made and orders entered relating to the confidentiality of information shall survive this Settlement Agreement, and any materials retained by any counsel pursuant to this paragraph shall be used only in accordance with the provisions of such agreements.

13.10    In the discovery of this matter, and in negotiation and review of this Agreement, Class Counsel and/or other attorneys for Plaintiff in this Litigation have received

confidential information regarding Safe Auto's internal practices and procedures and Safe Auto's confidential financial information, including financial information compiled solely for purposes of negotiating and implementing this Agreement. Accordingly, neither Class Counsel nor anyone in privity with them shall allege, suggest, or attempt to prove that Safe Auto engaged in, aided, abetted, or conspired in any wrongdoing of any kind regarding the calculation of any premium tax that was due from any Class Member.

13.11    Class Counsel agree that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, to any person seeking exclusion from the Settlement Class, or any other person seeking to litigate with Safe Auto over any of the Released Claims in this matter, prior to the Final Approval Hearing, could place Class Counsel in a conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms agree not to represent, encourage, solicit or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person in requesting exclusion from the Settlement Class.

13.12    All of the Exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

13.13    This Settlement Agreement (including the Exhibits hereto) constitutes the full and entire agreement among the parties hereto with regard to the subject hereof and supersedes any prior promises, representations, or warranties (oral or otherwise) made by any party. No party shall be liable or bound to any other party for any prior or contemporaneous representation, promise or warranty (oral or otherwise) except for those expressly set forth in this Settlement Agreement.

13.14    This Settlement Agreement shall not be amended or modified orally.  The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest, and approved by the Court where necessary.

13.15    The headings herein are for convenience only and shall not affect the interpretation or construction of this Settlement Agreement.

13.16    The time periods and/or dates described in this Settlement Agreement with respect to the giving of Notice and hearings are subject to approval and change by the Court or by agreement of the Settling Parties.

13.17    Except as otherwise provided herein, each party shall bear its own costs.

13.18    The undersigned Class Counsel represent that they have been fully authorized by the Plaintiff to take all appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.  The undersigned counsel for Safe Auto represent that they have been fully authorized by Safe Auto to take all appropriate action required or permitted to be taken by Safe Auto pursuant to the Settlement Agreement to effectuate its terms.

13.19    Each counsel or other individual executing the Settlement Agreement or any of its Exhibits on behalf of any party hereto hereby warrants that he or she has the full authority to do so.

13.20    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

13.21　　　The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

13.22　　　This Settlement Agreement, is not intended to and shall not be construed to create any rights or obligations in any Person other than the rights of the Settling Parties to enforce the performance of the Settlement Agreement in substantial compliance with its terms.

13.23　　　The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement.

13.24　　　The Settlement Agreement and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Kentucky, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Kentucky, without giving effect to that State's choice of law principles.

13.25　　　The failure of any party hereto to enforce at any time any provision of this Settlement Agreement shall not be construed to be a waiver of such or any other provision or breach by the breaching party or anyone else, nor in any way to affect the validity of this Settlement Agreement or any part hereof or the right of any party thereafter to enforce each and every such provision.

13.26     For the purpose of construing or interpreting this Settlement Agreement, the Settlement Agreement is deemed to have been drafted equally by all parties hereto, and shall not be construed strictly for or against any party.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement to be executed, by their duly authorized attorneys, dated as of September 27, 2007.

SAFE AUTO INSURANCE COMPANY

By: _____

Craig A. Cohen, Esquire
NELSON, LEVINE, de LUCA & HORST, LLC
4 Sentry Parkway – Suite 300
Blue Bell, PA 19422
P: (610) 862-6562 F: (610) 862-6501

Randall S. Rabe, Esquire
NELSON, LEVINE, de LUCA & HORST, LLC
280 North High Street – Suite 920
Columbus, Ohio 43215
P: (614) 228-1398 F: (614) 221-7529

K. Roger Schoeni, Esquire (82813)
KOHNEN AND PATTON, LLP
201 East Fifth Street, Suite 800, PNC Center
Cincinnati, Ohio 45202-4190
P: (513) 381-0656; F: (513) 381-5823

Counsel for Safe Auto Insurance Company

_____

Alexander F. Edmondson, Esquire
EDMONDSON & ASSOCIATES
Jason V. Reed, Esquire
28 West Fifth Street
Covington, KY 41011
P: (859) 491-5551 F: (859) 491-0187

– 36 –

Christopher S. Nordloh, Esquire
NORDLOH LAW OFFICE, PLLC
28 West Fifth Street
Covington, KY 41011
P: (859) 491-9991 F: (859) 491-0187

Gary E. Mason, Esquire
THE MASON LAW FIRM, L.L.P.
1225 19th Street NW, Suite 500
Washington, D.C. 20036
P: (202) 429-2290 F: (202) 429-2294

Alexander E. Barnett, Esquire
THE MASON LAW FIRM, L.L.P.
1120 Avenue of the Americas, Suite 4019
New York, NY 10036
P: (212) 362-5770

John C. Whitfield, Esquire
WHITFIELD & COX, PSC
29 East Center Street
Madisonville, KY 42431
P: (270) 821-0656 F: (270) 825-1163

**Counsel for Plaintiff and the Settlement Class**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (COVINGTON)

JAMES D. NICHOLS, et. al.,              )
                                        )
                                        )
              Plaintiffs,               )
v.                                      )          Civil Action No.: 2:06cv146 (DLB)
                                        )
PROGRESSIVE DIRECT                      )
INSURANCE CO., et al.,                  )
                                        )
              Defendants.               )
_____ )

**[PROPOSED] ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

THIS MATTER HAVING COME before the Court for an Order preliminarily certifying a
settlement class and preliminarily approving a settlement between Plaintiff Jamie Brown,
individually and on behalf of the proposed Settlement Class, and Defendant Safe Auto Insurance
Company; the Court having reviewed the Settlement Agreement executed by the parties and the
attachments thereto; and the parties having consented to the entry of this Order;

IT IS HEREBY ORDERED this _____ day of _____, 2007, as follows:

1.      The proposed class action Settlement Agreement ("Settlement Agreement") is
preliminarily approved as fair, adequate and reasonable.

2.      The Settlement Class is defined as:  All persons, including individuals and
corporations, in the Commonwealth of Kentucky, who purchased insurance from Safe Auto and
who, during the Relevant Time Period, were charged local government taxes on their payments of
premiums that were either not owed or at rates higher than permitted by the local government or

municipality wherein they reside. Excluded from the Settlement Class are: (1) Safe Auto and any entity in which Safe Auto has a controlling interest or which has a controlling interest in Safe Auto, and the legal representatives, assigns and successors of Safe Auto; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family; and (3) all Persons who, in accordance with the terms of this Agreement, properly request exclusion from the Settlement Class**.**

3.        Rust Consulting, Inc. has been designated by the parties as the Settlement Administrator. The Settlement Administrator will establish a distinct post office box address in order to receive communications from Settlement Class Members, as well as a settlement website. The Settlement Administrator will also provide a toll free telephone number for interested individuals to call in order to request the Long Form Notice and Claim Form, and/or request further information from Class Counsel.

4.        The Court finds and orders that the proposed method of dissemination of notice set forth in the Notice Plan, Exhibit A-1 to the Settlement Agreement, is approved. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances. This method of Class Action Settlement notice dissemination is hereby approved by the Court. The Notice Plan shall be initiated within 20 days of this Preliminary Approval Order and executed as set forth therein.

5.        The Summary Notice, in substantially the same form as attached to the Settlement Agreement as Exhibit A-2, is approved. Counsel for the parties are directed to revise the Summary Notice prior to disseminating it by completing any missing information. These revisions need not be presented to the Court for approval prior to the publication of the Summary Notice. The Summary Notice will be published in accordance with the approved Notice Plan.

6.     The Long Form Notice and Claim Form, in substantially the same form as attached to the Settlement Agreement as Exhibit A-3, is approved.  Counsel for the parties are directed to revise the Class Action Settlement Long Form Notice prior to disseminating it by filling in any missing information.  These revisions need not be presented to the Court for approval prior to dissemination of the Long Form Notice.

7.     In order to participate fully in the Settlement Fund distribution, Settlement Class Members must submit a timely Claim Form.  The Claim Form must be postmarked not later than December ___, 2007.

8.     Members of the Settlement Class can assert objections to the Settlement as follows:

a.     Any members of the Settlement Class may object to the proposed settlement by sending a written objection to the Settlement Administrator, accompanied by any supporting papers or briefs.  A copy must also be filed with Settlement Class Counsel, as described in the Notices.  To be timely, all objections must be postmarked no later than December ___, 2007 ("Objection Deadline").

b.     Persons objecting to the Settlement must set forth in their objection their full name, current address and telephone number, and must state in writing all objections and include: a description of their interest in the action, as well as a detailed statement of each objection asserted, including the grounds for the objections and reasons for appearing and being heard, and include any and all supporting documents. Persons objecting to the Settlement must send a copy of their written objections and supporting papers, if any, to the Settlement Administrator at the address set forth in the Long Form Notice, and to Class Counsel identified in the Long Form Notice.

c.     If applicable, the objector's written statement must include the objector's

statement of intent to appear at the Fairness Hearing. Only objecting Settlement Class Members who specify in their objections that they intend to present objections orally at the Fairness Hearing shall have the right to present their objections orally at the Fairness Hearing. Any Settlement Class member who does not file proper or timely written objections to the Settlement, as set forth above, shall not be permitted to present his or her objections to the Settlement at the Fairness Hearing and shall be foreclosed from seeking review of the Settlement Agreement by appeal or otherwise.

9.      Individuals can exclude themselves from the Settlement Class as follows:

a.      All Settlement Class Members as defined above may opt-out of the Settlement by filing a written request for exclusion from the Class ("Request for Exclusion" or "Opt-Out Notice") with the Settlement Administrator at the address set forth in the Notices. To be timely, all such Requests for Exclusion or Opt-Out Notices must be submitted no later than November ___, 2007 ("Request for Exclusion Deadline" or "Opt-Out Deadline").

b.      Persons requesting exclusion from the Settlement must set forth in the Request for Exclusion or Opt-Out Notice their full name, current address and telephone number and a clear statement that such person elects to be excluded from the Settlement Class and from any judgment entered, and send a copy of their Request for Exclusion or Opt-Out Notice to the Settlement Administrator at the address set forth in the Long Form Notice.

c.      All members of the Settlement Class who do not timely request exclusion from the Class shall be bound by the resolution of any and all issues arising in connection with the claims that are subject hereto.

10.      On or before December ____, 2007, Class Counsel and Counsel for Safe Auto shall file with this Court (a) a list of persons who have timely opted out of and/or objected to the

–4–

Settlement; and (b) the parties' response(s) to the timely objections to the Settlement, if any, together with briefs in support of approval of the terms of the Settlement Agreement.

11.     Pending the Court's final determination of whether the proposed settlement will be approved, each and every member of the Settlement Class, any one acting by or through them, or on behalf of them, is barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively on behalf of them, or in any other capacity of any kind whatsoever, any action in the courts of the Commonwealth of Kentucky, and other state court, any federal court, or any other tribunal or forum of any kind, against Defendant Safe Auto that asserts any settled claims that would be released and discharged upon final approval of the Settlement (except as the Court may further order upon application of a Settlement Class Member and notice to all parties).

12.     Lead Counsel identified below has represented the Class and are hereby appointed interim Class Counsel: Alexander F. Edmondson and Jason V. Reed of Edmondson & Associates, 28 West Fifth Street, Covington, KY, 41011; Christopher S. Nordloh of Nordloh Law Office, PLLC, 28 West Fifth Street, Covington, KY 41011; John C. Whitfield of Whitfield & Cox, P.S.C., 29 East Center Street, Madisonville, KY 42431; Gary E. Mason of The Mason Law Firm, L.L.P., 1225 19th Street N.W., Suite 500, Washington, D.C. 20036 and Alexander E. Barnett of The Mason Law Firm, L.L.P., 1120 Avenue of the Americas, Suite 4019, New York, NY 10036.

13.     A Final Approval Hearing will be conducted on January _____, 2008 at _____ p.m. in Courtroom _____ of this Court, located at 35 West Fifth Street, Covington, KY 41011. At the Final Approval Hearing, the Court will address whether the Settlement should be finally approved, and whether and in what amount Class Counsel shall be awarded their attorneys' fees, costs and

expenses.

IT SO ORDERED.

Dated: October _____, 2007

_____

The Honorable David L. Bunning

**Settlement Agreement Exhibit A-1: Notice Plan**



# Notice Program

## Nichols v. Progressive Direct Insurance Company

### Case No. 2:06cv146

### United States District Court for the Eastern District of Kentucky

**KINSELLA / NOVAK**
COMMUNICATIONS, LLC

2120 L Street, NW | Suite 205 | Washington, DC 20037
Phone: 202.686.4111 | Fax: 202.293.6961 | Email: info@kinsella-novak.com | http://www.kinsella-novak.com

**THE ART & SCIENCE OF LEGAL NOTIFICATION**

# Table of Contents

|  | Page |
|---|---|
| Firm Overview | 2 |
| Situation Analysis | 2 |
| Notice Program Overview | 3 |
| Direct Notice | 3 |
| Published Notice | 4 |
| Notice Design | 4 |
| CAFA Notice | 4 |
| Informational Web Site | 5 |
| Toll-Free Telephone Support | 6 |
| Exhibit 1 – Sample Summary Notice | |

# Firm Overview

Kinsella/Novak Communications, LLC ("KNC") is a nationally recognized legal notification firm specializing in media-based class action and bankruptcy notification programs in the antitrust, consumer, mass tort and product liability arenas. Specific cases have involved, among others, asbestos, breast implants, home siding and roofing products, infant formula, pharmaceuticals, polybutylene plumbing, tobacco and Holocaust claims. KNC has directed some of the largest and most complex national notification programs in the country. The firm has developed or consulted on over 250 notification programs and has placed over $160 million in media notice.

KNC develops advertisements, press materials, Web sites and other notice materials that bridge the gap between litigation complexities and the need for a clear and simple explanation of legal rights. In addition to designing and producing notices in "plain language," all KNC notice programs are fully compliant with Rule 23 of the Federal Rules of Civil Procedure and comparable state guidelines. The firm employs industry-recognized tools of media measurement to quantify the adequacy of the notice for the court.

# Situation Analysis

There is a Proposed Settlement in a class action lawsuit involving insurance sold by Safe Auto Insurance Company ("Safe Auto"). The lawsuit claims that Safe Auto and other insurance companies in Kentucky charged policyholders local taxes that were either not owed or were at higher rates than permitted.

The Settling Defendant is Safe Auto; the other defendants in the case have not settled yet. The Proposed Settlement does not mean that Safe Auto has done anything wrong or illegal or that the Court has found that Safe Auto violated the law. Safe Auto denies any wrongdoing or illegal conduct, but it has agreed to settle the case in order to avoid the further inconvenience of this lawsuit.

Direct notice will be provided to all current and former policyholders who are identified by the Parties as Settlement Class Members, and supplemental notice will be provided in the form of published notice.

## Notice Program Overview

This Notice Program is submitted by KNC in connection with *Nichols v. Progressive Direct Insurance Company,* Case No. 2:06cv146 pending in the United States District Court for the Eastern District of Kentucky. The Notice Program outlines procedures to provide notice of the Settlement of this case as a class action, consistent with the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure.

The following three-part Notice Program is recommended.

- ➤ Direct notice by first-class mail will be sent to all current and former policyholders who are identified by the Parties as Settlement Class Members and to all persons who request the *Notice of Proposed Class Action Settlement* as a result of seeing the published form of notice.

- ➤ Broad supplemental published notice through the use of top circulating newspapers in Kentucky.

- ➤ Electronic notice through a dedicated Web site.

## Direct Notice

Rust Consulting, Inc. (the "Settlement Administrator") will cause the *Notice of Proposed Class Action Settleme*nt to be sent via First-class mail to all current and former policyholders who are identified by the Parties as Settlement Class Members.

The Settlement Administrator will cross-reference the addresses provided by Defendant, Safe Auto, with addresses found in the National Change of Address Cards ("NCOA") filed with the United States Postal Service. The addresses will be standardized to ensure that they conform to National Postal Service Rules by using a computer program designed for this purpose.

The *Notice of Proposed Class Action Settlement* will then be sent by First-class mail to the most current address obtained.

The Settlement Administrator will use an advanced multi-database search process to locate current information on individuals whose *Notice of Proposed Class Action Settlement* is returned as undeliverable from the Post Office without a forwarding address.

## Published Notice

To supplement the extensive direct mail, KNC will cause the published form of notice ("Summary Notice") to appear as a one-sixth-page ad (5-3/4" x 7") in the weekday edition of the three highest circulating newspapers in Kentucky as follows:

➢ Once in the *Courier Journal* (Louisville) with an estimated circulation of 179,700.

➢ Once in the *Lexington Herald News* with an estimated circulation of 109,667.

➢ Once in the *Kentucky Post/ Cincinnati Enquirer* with an estimated circulation of 47,850.

## Notice Design

Recent revisions to Rule 23(c)(2) of the Federal Rules of Civil Procedure as well as most state rules of civil procedure require class action notices to be written in "plain, easily understood language." KNC applies the plain language requirement when drafting notices in federal and state class actions. The firm maintains a strong commitment to adhering to the plain language requirement while drawing on its experience and expertise to draft notices that effectively transmit the necessary information to Settlement Class Members.

The plain language Summary Notice, attached as Exhibit 1, is designed to alert Settlement Class Members to the litigation through the use of a bold headline. This headline will enable Settlement Class Members to quickly determine if they are potentially affected by the litigation. Plain language text provides important information regarding the subject of the litigation, the Class definition and the legal rights available to Settlement Class Members.

Each advertisement will prominently feature a toll-free number and Web site address for Settlement Class Members to obtain the *Notice of Proposed Class Action Lawsuit*, Settlement Agreement and other information.

## CAFA Notice

As required by the Class Action Fairness Act, Notice will be sent to the appropriate State and Federal Officials within 10 days of filing the motion for Preliminary Approval of this Settlement Agreement.

Specifically, Notice will be sent to the United States Attorney General and to the Kentucky Insurance Commissioner.

The mailed Notice will direct the appropriate officials to the electronic court filings to obtain copies of all:

➢ Complaints, pleadings and orders;

© 2007 Kinsella/Novak Communications, LLC
Proprietary and Confidential.

➤ Notice of any scheduled hearings;

➤ The proposed Notice to Settlement Class Members of the Proposed Settlement and the existence of their right to request exclusion from the class action;

➤ Proposed or final settlement agreements;

➤ Agreements between Class Counsel and Counsel for the Defendant;

➤ Any final judgment or notice of dismissal; and

➤ Any written judicial opinions regarding class notification, the Settlement Agreement, judgment or dismissal.

Counsel will identify the names of the Settlement Class Members who reside in each state and the estimated proportionate share of their claims.

# Informational Website

An informational interactive Web site is a critical component of the Notice Program. A URL is a constant source of information instantly accessible to millions. The informational Web site will utilize the Internet's ability to serve as a key distribution channel and customer service bureau. Combining clean site design, consistent site navigation cues and built-in flexibility, the Web site will provide Settlement Class Members with easy access to the details of the litigation.

## Clean Design

The site will be designed for ease of use and comprehension. Web pages on the site will be simple and will contain words, icons, documents and images.

A directory, located in a column on the left-hand side of the page, will provide links to the information available on the Web site. These can include "Court Documents," "Long Form Notice," and "Questions/Links." The Web site may also feature a "Frequently Asked Questions" section answering commonly asked questions. If necessary, it will also provide a toll-free number for individuals seeking additional information and the street address or email address of Class Counsel.

## Consistent Navigation Cues

Whenever the user goes from the homepage to another part of the site, links to the homepage and subsections remain on the left side of all pages while the case title and cite remains fixed on top.

### Built-In Flexibility

Though simply designed, KNC's structured site is not restrictive. The site's basic architecture enables updates and new features to be added quickly.

## Toll-Free Telephone Support

A toll-free interactive voice response system (IVR) will be established to service Settlement Class Members calling as a result of seeing the Summary Notice. Callers requesting the *Notice of Proposed Class Action Settlement* will be able to leave a message with their name and address information in order for the Settlement Administrator to mail them a *Notice of Proposed Class Action Settlement*.

# EXHIBIT 1

# Safe Auto Insurance Policyholders in Kentucky:

## A Proposed Class Action Settlement May Affect Your Rights.

A Settlement has been proposed in a class action lawsuit involving Safe Auto Insurance Company. The name of the case is *Nichols v. Progressive Direct Insurance Company,* No. 06-CV-146 (DLB). This notice is a summary of your rights. To get complete information, visit www.XXXXXXXXX.com or call 1-8XX-XXX-XXXX.

### What Is this Case About?

The lawsuit claims that Safe Auto Insurance Company ("Safe Auto") and a number of other insurance companies in Kentucky collected from their policyholders local taxes that were either not owed or were at rates higher than permitted. The lawsuit seeks damages dating back to June 22, 2001.

The Settling Defendant is Safe Auto. There are other defendants in the lawsuit that have not settled yet. The lawsuit will continue against those defendants. Safe Auto denies all claims of wrongdoing and agreed to the Proposed Settlement to avoid the further expense, inconvenience and burden of this lawsuit.

### Who Is a Class Member?

You are a Member of the Settlement Class if:
- You are an individual or corporation in Kentucky who purchased insurance from Safe Auto, and
- You paid local government taxes on your payments of premiums that were either not owed or at rates higher than permitted.

### What Are the Terms of the Proposed Settlement?

Safe Auto has agreed to establish a Settlement Fund of $2,512,000. If you submit a timely and valid Claim Form, you will be eligible to receive a full refund of any overpaid taxes. If you are a current Safe Auto policyholder, you will automatically get back any taxes you overpaid in the last 24 months – even if you do not complete a Claim Form. Safe Auto has the right to issue these refunds in the form of a credit to your existing account. Refunded amounts will include 8% interest.

If the Fund does not have enough money to pay back all refunds in full, all refunds will be reduced proportionately.

### Who Represents Me?

The Court has appointed attorneys to represent the Class. Class Counsel will request the Court to award attorneys' fees in an amount not to exceed $595,000 and an incentive payment to the Class Representative of $1,500. These fees will be deducted from the Fund. You may have your own attorney if you wish. However, you will be responsible for your attorney's fees and expenses.

### What Are My Rights?

- **If you wish to remain a member the Class**, you do not have to do anything. You will be bound by all the Court's orders. This means you cannot sue Safe Auto for any claims covered by the Proposed Settlement. If you stay in the Class, you can file a Claim.

- **You can file a Claim for a full refund of overpaid taxes** if you remain in the Class. To make a claim you must complete a Claim Form and mail it to the Claims Administrator as explained in the full Notice. Your Claim Form must be postmarked by **Month Date, Year.**

- **If you do not wish to be a member of the Class**, you must sign and send a letter asking to be excluded as outlined in the full Notice. The letter must be postmarked no later than **Month Date, Year**.

- **You or your lawyer can tell the Court if you do not like this Proposed Settlement** or some part of it if you do not exclude yourself. To object or comment, you must send a letter that is postmarked no later than **Month Date, Year**, as outlined in the full Notice.

For complete information on how to file a claim, exclude yourself or object, visit www.XXXXXXXXX.com or call 1-8XX-XXX-XXXX to get the full Notice.

### Will the Court Approve The Proposed Settlement?

The Court will hold a Fairness Hearing to determine if the Proposed Settlement is fair, reasonable and adequate, and to consider the motion for attorneys' fees and expenses on **Month Date, Year**, at time x.m. in Courtroom XX, United States District Court for Eastern District of Kentucky, 35 West Fifth Street, Covington, KY 41011.

### For More Information and to obtain the full Notice or a Claim Form
### Visit: www.xxxxxxxxx.com or call: 1-8xx-xxx-xxxx

> **Settlement Agreement Exhibit A-2 : Summary Notice**

Legal Notice

# Safe Auto Insurance Policyholders in Kentucky:
## A Proposed Class Action Settlement May Affect Your Rights.

A Settlement has been proposed in a class action lawsuit involving Safe Auto Insurance Company. The name of the case is *Nichols v. Progressive Direct Insurance Company*, No. 06-CV-146 (DLB). This notice is a summary of your rights. To get complete information, visit www.XXXXXXXXX.com or call 1-8XX-XXX-XXXX.

**What Is this Case About?**
The lawsuit claims that Safe Auto Insurance Company ("Safe Auto") and a number of other insurance companies in Kentucky collected from their policyholders local taxes that were either not owed or were at rates higher than permitted. The lawsuit seeks damages dating back to June 22, 2001.

The Settling Defendant is Safe Auto. There are other defendants in the lawsuit that have not settled yet. The lawsuit will continue against those defendants. Safe Auto denies all claims of wrongdoing and agreed to the Proposed Settlement to avoid the further expense, inconvenience and burden of this lawsuit.

**Who Is a Class Member?**
You are a Member of the Settlement Class if:
• You are an individual or corporation in Kentucky who purchased insurance from Safe Auto, and
• You paid local government taxes on your payments of premiums that were either not owed or at rates higher than permitted.

**What Are the Terms of the Proposed Settlement?**
Safe Auto has agreed to establish a Settlement Fund of $2,512,000. If you submit a timely and valid Claim Form, you will be eligible to receive a full refund of any overpaid taxes. If you are a current Safe Auto policyholder, you will automatically get back any taxes you overpaid in the last 24 months – even if you do not complete a Claim Form. Safe Auto has the right to issue these refunds in the form of a credit to your existing account. Refunded amounts will include 8% interest.

If the Fund does not have enough money to pay back all refunds in full, all refunds will be reduced proportionately.

**Who Represents Me?**
The Court has appointed attorneys to represent the Class. Class Counsel will request the Court to award attorneys' fees in an amount not to exceed $595,000 and an incentive payment to the Class Representative of $1,500. These fees will be deducted from the Fund. You may have your own attorney if you wish. However, you will be responsible for your attorney's fees and expenses.

**What Are My Rights?**
• **If you wish to remain a member the Class**, you do not have to do anything. You will be bound by all the Court's orders. This means you cannot sue Safe Auto for any claims covered by the Proposed Settlement. If you stay in the Class, you can file a Claim.

• **You can file a Claim for a full refund of overpaid taxes** if you remain in the Class. To make a claim you must complete a Claim Form and mail it to the Claims Administrator as explained in the full Notice. Your Claim Form must be postmarked by **Month Date, Year.**

• **If you do not wish to be a member of the Class**, you must sign and send a letter asking to be excluded as outlined in the full Notice. The letter must be postmarked no later than **Month Date, Year.**

• **You or your lawyer can tell the Court if you do not like this Proposed Settlement** or some part of it if you do not exclude yourself. To object or comment, you must send a letter that is postmarked no later than **Month Date, Year**, as outlined in the full Notice.

For complete information on how to file a claim, exclude yourself or object, visit www.XXXXXXXXX.com or call 1-8XX-XXX-XXXX to get the full Notice.

**Will the Court Approve The Proposed Settlement?**
The Court will hold a Fairness Hearing to determine if the Proposed Settlement is fair, reasonable and adequate, and to consider the motion for attorneys' fees and expenses on **Month Date, Year**, at time x.m. in Courtroom XX, United States District Court for Eastern District of Kentucky, 35 West Fifth Street, Covington, KY 41011.

## For More Information and to obtain the full Notice or a Claim Form
### Visit: www.xxxxxxxxx.com or call: 1-8xx-xxx-xxxx

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF KENTUCKY (COVINGTON)

# A Class Action Settlement Involving Safe Auto Insurance Company, Will Provide Cash Payments to Persons Insured (or Who Were Insured) Who Qualify.

*A Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been given preliminary approval in a class action lawsuit that alleges Safe Auto Insurance Company collected from its policyholders Kentucky local government premium taxes that were either not owed, or at rates higher than permitted, from June 22, 2001 to the present.

- You may be eligible for a payment if you qualify and submit a valid claim form. Qualifying current policyholders of Safe Auto as of October __, 2007, will receive a partial payment, possibly in the form of a credit to their premium charges, even if they do not submit a valid claim form.

- Your legal rights are affected whether you act or don't act. **Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Claim Form** | The way to get a payment if you qualify. |
| **Ask to Be Excluded** | Get no payment. The only option that allows you to individually sue Safe Auto over the claims resolved by this settlement. |
| **Object** | Write to the Court about why you don't agree with the settlement. |
| **Go to A Hearing** | Ask to speak in Court about the settlement. |
| **Do Nothing** | Unless a current policyholder of Safe Auto as of October __, 2007, get no payment. Give up your rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- This settlement will resolve all claims against Safe Auto that are part of the lawsuit. The Court in charge of this case still has to decide whether to approve the settlement. Payments will only be made if the Court approves the settlement, and any appeals are resolved. Please be patient.

# BASIC INFORMATION

## 1.  Why was Notice issued?

The U.S. District Court for the Eastern District of Kentucky, Northern Division (Covington), authorized this Notice because you have a right to know about a proposed settlement of this class action, including the right to claim money or refund credits, and about all of your options, before the Court decides whether to give "final approval" to the settlement.  If the Court approves the settlement, payment will be made to everyone who qualifies, most of whom will have to submit a valid claim form. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

Judge David L. Bunning in the U.S. District Court for the Eastern District of Kentucky, Northern Division (Covington), is overseeing the lawsuit.  The case is known as *Nichols, et al. v. Progressive Direct Insurance Company*, *et al.*, Case No. 2:06cv146, but has also been consolidated for some purposes with a companion case titled *Kendrick, et al. v. Standard Fire Insurance Company, et al.*, Case No. 2:06cv141.  The person who sued Safe Auto Insurance Company (sometimes called "the Defendant") is named Jamie Brown (sometimes called "the Plaintiff").

## 2.  What is this lawsuit about?

The lawsuit claimed, among other things, that Safe Auto, and a number of other insurance companies doing business in the Commonwealth of Kentucky, collected from policyholders local government premium taxes that were either not owed, or at rates higher than permitted, from June 22, 2001 to the present. Safe Auto denies all claims of wrongdoing.

## 3.  What is a Class Action, and why is this case a Class Action?

In a class action, one or more people, called class representatives, sue on behalf of others with similar legal claims.  All of these people together are called a class or class members.  One court resolves the issues for all class members, except for those who specifically ask to be excluded from the class, since the wrong that was alleged by the class representatives applies equally to all class members.  This case was filed as a class action because it was believed that Safe Auto's method of determining how (or if) to apply Kentucky local government premium taxes was resulting in a number of policyholders being charged taxes that were not actually owed.

## 4.  Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or of Safe Auto. Instead, both sides agreed to settle.  That way, they avoid the costs and uncertainty of proceeding toward a trial, and the affected people who qualify will get compensation.  The Class Representative and the attorneys for the class, who have substantial experience in class action cases, believe the settlement is best for all Settlement Class Members.

Questions?  Call XXX-XXX-XXXX or visit www.websitename.com for more information.

-2-

# WHO IS IN THE SETTLEMENT?

**5. Who is included in the Class?**

You may be a member of the Class if, between June 22, 2001 and the present, you paid an insurance policy premium payment to Safe Auto that included Kentucky local government premium taxes at rates higher than what you were legally required to pay. In some cases, Settlement Class Members paid taxes when none were owed; in other cases, Settlement Class Members paid taxes at higher rates than what were required.

Since the Settlement Class Members, by definition, were at one time policyholders of Safe Auto, Safe Auto has expended substantial resources of time and money to analyze its policyholder data to determine which policyholders were overcharged on Kentucky local government premium taxes. Class Counsel has investigated to check the general accuracy of that analysis. This Notice is being sent to those policyholders, but is also being provided to other possible Settlement Class Members.

If you are unsure whether you are included in the Class, please call the toll free telephone number at the bottom of this page for information.

# SETTLEMENT BENEFITS: WHAT YOU GET IF YOU QUALIFY AS A SETTLEMENT CLASS MEMBER, AND HOW TO GET IT

**6. What does the Settlement provide?**

Safe Auto has agreed to establish a Settlement Fund of $2,512,000 for Settlement Class Members' claims, attorneys' fees, costs and settlement notice and administration. All Settlement Class Members who timely submit a valid Claim Form shall be eligible to receive an award payment from the Settlement Fund equal to the full amount of premium tax paid during the Class Period, if any, in excess of applicable tax rates during that time period.

Regardless of whether a Claim Form is submitted, Settlement Class Members who are current policyholders as of the date the Court grants Preliminary Approval of this Settlement, shall receive a refund of the amount of premium tax paid, if any, in excess of applicable tax rates during the 24 month period preceding the Preliminary Approval Order. The benefit provided to Settlement Class Members who are current policyholders, but who do not submit a Claim Form, may be issued in the form of a credit against premiums due on recurring or renewal bills.

The calculation of the refunded amount of premium tax shall include simple interest at the rate of eight percent (8%) per annum.

If claims, attorneys' fees and other expenses exceed the amount of the Settlement Fund available to pay such items, then the payment to Settlement Class Members will be prorated after the close of the Claims Period.

Since the amount of overpayment differs from person to person, this Notice is not designed to advise you of the exact amount of your refund. However, discovery and investigation has revealed that the average amount policyholders paid in excess of applicable tax is about $39.00

Questions? Call XXX-XXX-XXXX or visit www.websitename.com for more information.

-3-

**7.  Are there any other benefits of the Settlement?**

In addition to the cash benefits/refunds paid to Settlement Class Members as described above, Safe Auto has agreed to implement and maintain sufficient resources in the form of data, software, and personnel, to insure the accurate calculation, collection, and allocation of insurance premium taxes levied pursuant to the authority of Kentucky law, for future transactions.

**8.  How do I get a cash payment?**

To receive a cash payment, you must complete and return the Claim Form, a copy of which is included with this Notice.  The Claim Form requires you to confirm your identity, your current address, and that you were a Safe Auto policyholder during the time period covered by this Settlement.  You may also obtain a claim form online by visiting www.websitename.com, or by calling 1-XXX-XXX-XXXX.

After you have completed the Claim Form, it must be mailed to:

Rust Consulting, Inc.
XXX Street
City, State ZIP+4

The Claim Form *must be postmarked by **December __, 2007.***.

**9.  If I do not return the Claim Form, will I still get benefits?**

Only a limited category of Settlement Class Members will receive benefits without returning a Claim Form.  As part of the settlement, Settlement Class Members who are also policyholders of Safe Auto as of October __, 2007, shall receive a refund even if no claim form is returned.

Settlement Class Members who are also current policyholders and do not return a Claim Form will only be entitled to a refund of the amount paid in excess of applicable tax rates, if any, during the 24 month period preceding the date the Settlement is preliminarily approved. These payments may be issued in the form of a credit to your Safe Auto account.

**10.  When do I get my payment?**

Payments to eligible Settlement Class Members will be made no more than 180 days from the day the Court grants "final approval" of the settlement and appeals, if any, are decided.  If Judge Bunning approves the settlement after a Fairness Hearing on **January__, 2008** (see the section "The Court's Fairness Hearing" below), there may be appeals.  It's always uncertain whether appeals can be resolved, and resolving them can take time.  Please be patient.

**11.  What am I giving up to get a payment or stay in the Class?**

Unless you specifically exclude yourself using the process described below, you are staying in the Class, and that means that you can't individually sue Safe Auto over the claims settled in *this* case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you submit a Claim Form, or simply stay in the Class, you will agree to "release and discharge" Safe Auto as described in Section 6 of the Settlement Agreement.  A complete copy of the Settlement Agreement can be obtained at www.websitename.com.  The Settlement Agreement specifically

Questions?  Call XXX-XXX-XXXX or visit www.websitename.com for more information.

-4-

describes the released claims in necessarily accurate legal terminology. Talk to Class Counsel (see the section on "The Lawyers Representing You" below) or your own lawyer if you have questions about the released claims or what they mean.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want instead to keep the right to individually sue Safe Auto about the issues in *this* case, then you must take steps to get out. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Class.

### 12. How do I get out of the Settlement?

If you wish to be excluded from the Settlement Class, you must send in an Request for Exclusion by mail stating: (1) your name, address, and telephone number and (2) a statement that you wish to be excluded from the Settlement Class. The Request for Exclusion must bear your signature. Requests for Exclusion must be sent to **Rust Consulting** at the address listed in Section 8 and must be postmarked no later than midnight on **November __, 2007**. Failure to follow these instructions for requesting exclusion will result in a waiver of your right to exclude yourself from the Settlement Class.

### 13. If I don't exclude myself, can I sue Safe Auto for the same thing later?

No. Unless you exclude yourself, you give up any right to individually sue Safe Auto for the claims that this settlement resolves. You must exclude yourself from *this* Class to individually sue Safe Auto over the claims resolved by this Settlement. Remember, the exclusion deadline is **November __, 2007**.

### 14. If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you may not submit a claim form to ask for a payment, and you will not receive any settlement benefits even if you would otherwise qualify as a Class Member.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court has appointed Alexander F. Edmondson and Jason V. Reed of Edmondson & Associates (Covington, KY); Christopher S. Nordloh of Nordloh Law Office, PLLC (Covington, KY); John C. Whitfield of Whitfield & Cox, P.S.C. (Madisonville, KY); and Gary E. Mason (Washington, D.C.) and Alexander E. Barnett (New York, NY) of The Mason Law Firm, L.L.P., to represent you and other Settlement Class Members as "Class Counsel."

You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you must hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will request the Court to award attorneys' fees in an amount not to exceed $595,000.00 and an incentive payment to the Representative Plaintiff of $1,500.00. If, after

Questions? Call XXX-XXX-XXXX or visit www.websitename.com for more information.

-5-

paying the costs, expenses, and attorneys' fees, the remaining Settlement Fund is not sufficient to pay the refunds to Settlement Class Members in full, then the refunds will be reduced on a pro rata basis. If any amount of the Settlement Fund remains after claims, costs, expenses and fees have been paid, then the remaining balance will be returned to Safe Auto.

# OBJECTING TO THE SETTLEMENT

If you choose to stay in the Class, you can tell the Court if you don't agree with the Settlement, or some parts of it.

## 17. How do I tell the Court if I don't agree with the Settlement, or part of it?

Only Settlement Class Members may object to the Settlement by filing a written objection with the United States District Court for the Eastern District of Kentucky, Covington Division. Objections must be filed no later than midnight on **December __, 2007**. A copy of any objection must also be mailed to Jason V. Reed, Esq., Edmondson & Associates, 28 West Fifth Street, Covington, KY 41011, postmarked by midnight on **December __, 2007**.

You _cannot_ both request exclusion from and object to the Settlement. Only Settlement Class Members may object to the Settlement. The objection must include:

   (1)   Sufficient proof to determine membership in the Settlement Class;
   (2)   A statement of each objection asserted;
   (3)   A detailed description of the facts underlying each objection;
   (4)   A detailed description of the legal authorities supporting each objection;
   (5)   A statement of whether the objector intends to appear and argue at the Fairness Hearing and, if so, how long the objector anticipates needing to present the objection;
   (6)   A list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of such exhibits.

Any Settlement Class Member who does not make and serve their written objection in the manner prescribed above will be deemed to have waived any objections. So, to recap, if you wish to object to the Settlement:

| File the objection with the Clerk of the Court at the address listed below by DECEMBER __, 2007. **Note**: You may send it by mail, but it MUST be received and filed by the Clerk by this date. | **&** | Mail a copy of the objection to Class Counsel at the following address, so that it is postmarked by DECEMBER __, 2007: |
|---|---|---|
| CLERK, U.S. DISTRICT COURT | | CLASS COUNSEL |
| **Clerk, U.S. District Court (EDKY)** **35 West Fifth Street** **Covington, KY 41011** | | **Jason V. Reed, Esq.** **28 West Fifth Street** **Covington, KY 41011** |

Questions? Call XXX-XXX-XXXX or visit www.websitename.com for more information.

-6-

# THE COURT'S FAIRNESS HEARING

## 18.  When and where will the Court decide whether to approve the Settlement?

The Court has given its preliminary approval to the proposed Settlement, has conditionally certified the Settlement Class, has approved appointment of a Class Representative and Settlement Class Counsel, and has directed the sending of this Notice.   However, the Court must still give "final approval" to the Settlement before the Settlement is effective.

The Court will hold a hearing in the United States District Court for the Eastern District of Kentucky, Covington Division (Courtroom __), **35 West Fifth Street, Covington, KY  41011**, on **January __, 2008** at 10:00 a.m., to determine whether the Settlement is fair, reasonable and adequate.  The Court will also consider whether to allow or disallow the application for attorneys' fees, litigation expenses, and the Class Representative's incentive award, and may also make other rulings incidental to the Settlement.

If there are any timely objections received by the Court, the Court will consider them at this time.  Judge Bunning may listen to people who have asked to speak about an objection according to Section 17, above.  However, you may not speak at the hearing if you have excluded yourself under Section 12, above.

Attendance at the hearing is not necessary; however, any Settlement Class Member having filed an objection and indicated a desire to speak may be allowed to do so. Settlement Class Members who support the proposed Settlement *do not* need to appear at the hearing or take any other action to indicate their approval, as Class Counsel will be present to address any questions or concerns raised by Judge Bunning.  While you are certainly welcome to attend the Hearing, you must travel at your own expense.

We do not know how long it will take Judge Bunning, following the Fairness Hearing, to approve or disapprove the Settlement.

# IF YOU DO NOTHING

## 19.  What happens if I do nothing at all?

If you do nothing, but are a Class Member, you will get no payment from this Settlement *unless* you are a current policyholder/customer of Safe Auto, and then you will receive only a limited benefit.  But, unless you exclude yourself, you won't be able to individually sue Safe Auto for the claims resolved in this case.

Questions?  Call XXX-XXX-XXXX or visit www.websitename.com for more information.

-7-

# GETTING MORE INFORMATION

**20.  How do I get more information on this Settlement, or the case in general?**

Any reference in this Notice to the pleadings or Orders in the case is only a summary.  Complete copies of the pleadings, orders, or other Court documents filed in this case may be examined and copied at any time during regular office hours at the offices of the Clerk of the U.S. District Court, Eastern District of Kentucky (Northern Division – Covington), 35 West Fifth Street, Covington, KY  41011.  The case name is *Nichols, et al. v. Progressive Direct Insurance Company, et al.*, Case No. 2:06cv146, which has also been consolidated for limited purposes with *Kendrick, et al. v. Standard Fire Insurance Company, et al.*, Case No. 2:06cv141.

Certain documents and information may also be available via Internet at www.websitename.com.

If you have any questions concerning any matter raised in this Notice, please visit the website at www.websitename.com, or call 1-XXX-XXX-XXXX.

**PLEASE DO NOT CALL OR WRITE THE COURT FOR INFORMATION OR ADVICE.**

Dated:  _____

**By Order of the U.S. District Court for the Eastern District of Kentucky, Northern Division**

---

**(Detach Here and Return to the Address Listed in Section 8)**

## CLAIM FORM – SAFE AUTO SETTLEMENT
**(Please Print Clearly)**

**I would like a payment from the Safe Auto Settlement.**

**Name:** _____

**Mailing Address:**  _____

**Months & Years (Between June 22, 2001 and the Present) in Which I Was a Safe Auto Policyholder:** _____

**Phone Number:** _____

**Policy Number (If Known):** _____

*I hereby affirm, under penalty of perjury, that I was a policyholder of Safe Auto, and that the information provided above is true and correct to the best of my knowledge and belief.*

**Signature:**_____     **Date:** _____

*** RETURN **BEFORE** December __, 2007***
*** TO:  CLAIMS ADMINISTRATOR, 123 STREET ADDRESS, CITY, STATE, ZIP+4***

Questions?  Call XXX-XXX-XXXX or visit www.websitename.com for more information.

-8-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (COVINGTON)

| | | |
|---|---|---|
| JAMES D. NICHOLS, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 2:06cv146 (DLB) |
| | ) | |
| v. | ) | |
| | ) | |
| PROGRESSIVE DIRECT | ) | |
| INSURANCE CO., et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT; AND JUDGMENT, FINAL ORDER AND DECREE

**THIS MATTER** coming on for hearing before the undersigned Judge on _____, 2007, pursuant to this Court's Preliminary Approval Order of _____, in order for this Court to conduct a final fairness hearing to determine whether the proposed Settlement with Defendant Safe Auto Insurance Company (hereafter "Settling Defendant") is fair, reasonable and adequate, and to address Class Counsel's application for an award of attorneys' fees and costs; and the Settlement Class Members being represented by Class Counsel and Settling Defendant being represented by its attorneys;

**AND THE COURT** having read and considered the Settlement Agreement, the Notice Plan, and Memoranda submitted by Class Counsel, having received evidence at the hearing, having heard arguments from Class Counsel and the Settling Defendant, and having considered the submissions by Class members, and being further advised in the premises, now makes the following:

Settlement Agreement Exhibit B: Proposed Order Granting Final Approval

# FINDINGS OF FACT

1.      This Litigation was commenced on or about June 22, 2006, as a putative class action.

2.      After litigation between the parties, and several months of arm's-length negotiations between Class Counsel and Settling Defendant, the parties have reached accord with respect to a Settlement that provides substantial benefits to Settlement Class Members, in return for a release and dismissal of the claims at issue in this case against Defendant Safe Auto, ("Settlement Agreement"). The resulting Settlement Agreement was preliminarily approved by the Court on _____.

3.      As part of the Order Granting Preliminary Approval, this Court approved a proposed Notice Plan and Class Notice, which provided Settlement Class Members notice of the proposed Settlement.  The Notice Plan provided an opportunity for class members to file objections to the Settlement.

4.      The Settling Parties have filed with the Court a declaration from Rust Consulting, Inc. and Kinsella/Novak Communications, LLC, declaring that the mailing of the Court-approved notice, consistent with the Notice Plan, has been completed.

5.      The Court finds that the notice by publication, direct notice and Internet posting constitute the best practicable notice of the Fairness Hearing, the proposed Settlement, Class Counsel's application for fees and expenses, and other matters set forth in the Class Notice and the Summary Notice; and that such notice constituted valid, due and sufficient notice to all members of the Settlement Class, and complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Constitution of the United States.

6.      Any persons who wished to be excluded from the Litigation were provided an

opportunity to "opt-out" pursuant to the Notice. All persons who have validly excluded themselves from this Litigation have no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the final judgment herein.

7.      Settlement Class Members are bound by the Settlement, the Settlement Agreement and releases contained therein, and the Final Order and Judgment, and do not have any further opportunity to opt-out of the Litigation.

8.      Any Settlement Class Member who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of Final Order and Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Class Notice and mandated in the Order Granting Preliminary Approval of Settlement, is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

9.      On the basis of all of the issues in this Litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the claims against Settling Defendant, in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in affirming this Settlement, including:

a.      The liability issues in this case have been vigorously contested.

b.      The Court notes that for settlement purposes, this Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to this Litigation.

c.      The Settlement is clearly a byproduct of litigation between the parties, and not a

result of any collusion on the part of Class Counsel or Counsel for Settling Defendant.

10.     Class Counsel submitted to the Court and served Settling Defendant Safe Auto their application for reasonable attorneys' fees, costs, and expenses consistent with the terms of the Settlement Agreement.  This Court has considered Class Counsel's request and hereby grants the request.

11.     The claims procedure established under the Settlement Agreement is fair and simple.  The Court will retain jurisdiction over the Settlement as may be necessary to resolve unanticipated issues.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

**CONCLUSIONS OF LAW**

1.     This Court has jurisdiction over the parties and the subject matter of this proceeding.

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Class is certified for purposes of final settlement:

> All persons, including individuals and corporations, in the Commonwealth of Kentucky, who purchased insurance from Safe Auto and who, during the Relevant Time Period, were charged local government taxes on their payments of premiums that were either not owed or at rates higher than permitted by the local government or municipality wherein they reside.  Excluded from the Settlement Class are: (1) Safe Auto and any entity in which Safe Auto has a controlling interest or which has a controlling interest in Safe Auto, and the legal representatives, assigns and successors of Safe Auto; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family; and (3) all Persons who, in accordance with the terms of this Agreement, properly request exclusion from the Settlement Class**.**

3.     The Court finds that, for the purpose of this Settlement, the requirements of Rule 23

of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation.  All the prerequisites for Class certification under Rule 23 are present.  The Class Members are ascertainable and too numerous to be joined.  Questions of law and fact common to all Class members predominate over individual issues and should be determined in one proceeding with respect to all Class members.  The Class Representatives' claims are typical of those of the Class. The class action mechanism is superior to alternative means for adjudicating and resolving this Litigation.

4. The Settlement Class Representative Jamie Brown is entitled to and is hereby awarded a payment of $1,500.00, over and above her respective proceeds under the Settlement Agreement, in recognition of the efforts she has undertaken and the risk she has incurred in connection with this Litigation.

5. The Court grants final approval of the Settlement Agreement as being fair, reasonable and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. The Court finds that the request for attorneys' fees is reasonable.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion for Final Approval of the Proposed Settlement is GRANTED.

2. Settlement Class Representative Jamie Brown is entitled to and is hereby awarded an additional payment of $1,500.00 over and above her claim for damages, in recognition of the efforts she has undertaken and the risk she has incurred in connection with this Litigation.

3. The Class Counsel's application for attorneys' fees and expenses is GRANTED.

4. This Litigation and all claims against the Settling Defendant are hereby dismissed

with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Litigation, all Parties, and Settlement Class Members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

5.      All Class members who have not timely filed an opt-out request are barred and enjoined from commencing and/or prosecuting any Released Claims against Settling Defendant.

This the _____ day of _____, 2008.

_____
The Honorable David L. Bunning
United States District Court