Eastern District of Kentucky
FILED
JUN - 5 2008
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (COVINGTON)

| | | |
|---|---|---|
| JAMES D. NICHOLS, et al. | * | CASE NO. 2:06-CV-00146 (DLB) |
| Plaintiffs, | * | Judge David L. Bunning |
| vs. | * | |
| PROGRESSIVE DIRECT INSURANCE CO., et al. | * | |
| | * | |
| Defendants | | |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

THIS MATTER HAVING COME before the Court for an Order preliminarily certifying a settlement class and preliminarily approving a settlement between Plaintiff Dixie Dew Products, Inc., individually and on behalf of the proposed Settlement Class, and Defendant Acuity, a Mutual Insurance Company ("Acuity"); the Court having reviewed the Settlement Agreement executed by the parties and the attachments thereto; and the parties having consented to the entry of this Order; IT IS HEREBY ORDERED as follows:

1. The proposed class action Settlement Agreement ("Settlement Agreement") is preliminarily approved as fair, adequate and reasonable.

2. The Settlement Class is defined as:

"All persons, including individuals and entities, in the State of Kentucky, who purchased insurance from Acuity, a Mutual Insurance Company ("Acuity") during the Relevant Time Period (June 1, 2001, through December 31, 2007), who paid local government taxes on their payments of premiums which were either not owed, or at rates higher than permitted, and who have not already received a refund from Acuity, as determined from information available in Acuity's records."

Excluded from the Settlement Class are: (1) Acuity and any entity in which Acuity has a controlling interest or which has a controlling interest in Acuity, and the legal representatives, assigns and successors of Acuity; (2) the Judge to whom this case is assigned and any member of the Judge's immediate family; and (3) all Persons who, in accordance with the terms of this Agreement, properly request exclusion from the Settlement Class.

3. Acuity will act as the Settlement Administrator. Acuity will establish a toll free telephone number for interested individuals to call in order to request the Long Form Notices and Claim Form, and/or request further information from Class Counsel.

4. The Court finds and orders that the proposed method of dissemination of notice set forth in the Notice Plan, Exhibit A-1 to the Settlement Agreement, is approved. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances. This method of Class Action Settlement notice dissemination is hereby approved by the Court. The Notice Plan shall be initiated within 45 days of this Preliminary Approval Order and executed as set forth therein.

5. The Summary Notice, in substantially the same form as attached to the Settlement Agreement as Exhibit A-2, is approved. Counsel for the parties are directed to revise the Summary Notice prior to disseminating it by completing any missing information. These revisions need not be presented to the Court for approval prior to the publication of the Summary Notice. The Summary Notice will be published in accordance with the approved Notice Plan.

6. The two Long Form Notices and Claim Form, in substantially the same form as attached to the Settlement Agreement as Exhibits A-3 and A-4 are approved. Counsel for the parties are directed to revise the Class Action Settlement Long Form Notices prior to disseminating them by filling in any missing information. These revisions need not be presented to the Court for approval prior to dissemination of the Long Form Notices.

- 3 -

7. In order to participate fully in the Settlement Fund distribution, Settlement Class Members who receive a claim form pursuant to Section II.C.1 in the Settlement Agreement must submit a timely Claim Form. The Claim Form must be postmarked not later than sixty (60) days after the date on which the Notice is mailed.

8. Members of the Settlement Class can assert objections to the Settlement as follows:

(a) Any members of the Settlement Class may object to the proposed settlement by sending a written objection to the Settlement Administrator, accompanied by any supporting papers or briefs. A copy must also be filed with Settlement Class Counsel, as described in the Notices. To be timely, all objections must be postmarked no later than sixty (60) days after the date on which the Class Action Settlement Notices are mailed.

(b) Persons objecting to the Settlement must set forth in their objection their full name, current address and telephone number, and must state in writing all objections and include: a description of their interest in the action, as well as a detailed statement of each objection asserted, including the grounds for the objections and reasons for appearing and being heard, and include any and all supporting documents. Persons objecting to the Settlement must send a copy of their written objections and supporting papers, if any, to the Settlement Administrator at the address set forth in the Long Form Notice, and to Class Counsel identified in the Long Form Notice.

(c) If applicable, the objector's written statement must include the objector's statement of intent to appear at the Fairness Hearing. Only objecting Settlement Class Members who specify in their objections that they intend to present objections orally at the Fairness Hearing shall have the right to present their objections orally at the Fairness Hearing. Any Settlement Class Member who does not file proper or timely written objections to the Settlement,

- 4 -

as set forth above, shall not be permitted to present his or her objections to the Settlement at the Fairness Hearing and shall be foreclosed from seeking review of the Settlement Agreement by appeal or otherwise.

9. Individuals can exclude themselves from the Settlement Class as follows:

(a) All Settlement Class Members as defined above may opt-out of the Settlement by filing a written request for exclusion from the Class ("Request for Exclusion" or "Opt-Out Notice") with Acuity at the address set forth in the Notices. To be timely, all such Requests for Exclusion or Opt-Out Notices must be post-marked not later than sixty (60) days after the date on which the Class Action Settlement Notices are mailed.

(b) Persons requesting exclusion from the Settlement must set forth in the Request for Exclusion or Opt-Out Notice their full name, current address and telephone number and a clear statement that such person elects to be excluded from the Settlement Class and from any judgment entered, and send a copy of their Request for Exclusion or Opt-Out Notice to Acuity at the address set forth in the Long Form Notice.

(c) All members of the Settlement Class who do not timely request exclusion from the Class shall be bound by the resolution of any and all issues arising in connection with the claims that are subject hereto.

10. On or before October 15, 2008, Class Counsel and Counsel for Acuity shall file with this Court (a) a list of persons who have timely opted out of and/or objected to the Settlement; and (b) the parties' response(s) to the timely objections to the Settlement, if any, together with briefs in support of approval of the terms of the Settlement Agreement.

11. Pending the Court's final determination of whether the proposed settlement will be approved, each and every member of the Settlement Class, any one acting by or through them, or on behalf of them, is barred and enjoined from instituting, commencing, or continuing to

prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively on behalf of them, or in any other capacity of any kind whatsoever, any action in the courts of the Commonwealth of Kentucky, and other state court, any federal court, or any other tribunal or forum of any kind, against Defendant Acuity that asserts any settled claims that would be released and discharged upon final approval of the Settlement (except as the Court may further order upon application of a Settlement Class Member and notice to all parties).

12. Lead Counsel identified below has represented the Class and are hereby appointed interim Class Counsel: Alexander F. Edmondson and Jason V. Reed of Edmondson & Associates, 28 West Fifth Street, Covington, KY, 41011; Christopher S. Nordloh of Nordloh Law Office, PLLC, 28 West Fifth Street, Covington, KY 41011; John C. Whitfield of Whitfield & Cox, P.S.C., 29 East Center Street, Madisonville, KY 42431 and Gary E. Mason of The Mason Law Firm, L.L.P., 1225 19th Street N.W., Suite 500, Washington, D.C. 20036.

13. A Final Approval Hearing will be conducted on October 30, 2008 at 11:00 a.m. in Courtroom 4A of this Court, located at 35 West Fifth Street, Covington, KY 41011. At the Final Approval Hearing, the Court will address whether the Settlement should be finally approved, and whether and in what amount Class Counsel shall be awarded their attorneys' fees, costs and expenses.

SO ORDERED this 5th day of June, 2008.

Signed By:
David L. Bunning
United States District Judge
The Honorable Judge David L. Bunning