Eastern District of Kentucky
FILED
JAN - 5 2009
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| JAMES D. NICHOLS, *et al.*, | *ELECTRONICALLY FILED* |
| PLAINTIFFS | |
| v. | JUDGE DAVID L. BUNNING |
| PROGRESSIVE DIRECT INSURANCE COMPANY, *et al.*, | CASE NO. 06CV-146 |
| DEFENDANTS. | |

## ORDER GRANTING MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

THIS MATTER HAVING COME before the Court for an Order preliminarily certifying a settlement class and preliminarily approving a settlement between Plaintiff Robert Nesbitt, individually and on behalf of the proposed Settlement Class, and Defendant Foremost Insurance Company Grand Rapids, Michigan and the Court having reviewed the Stipulation of Settlement executed by the parties and the attachments thereto and the parties having consented to the entry of this Order;

IT IS HEREBY ORDERED as follows:

1.  Pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Settlement Class is hereby preliminarily certified for Settlement purposes only. The Settlement Class is defined as:

> *All persons, in the Commonwealth of Kentucky, who purchased insurance from or underwritten by Foremost Insurance Company Grand Rapids, Michigan, Foremost Property and Casualty Insurance Company, or Foremost Signature Insurance Company, during the relevant time period (June 22, 2001, through December 31, 2007) and*

*who were charged local government taxes on their payment of premiums which were either not owed, or were at rates higher than permitted as determined by Foremost's policy records.*

2. The proposed class action Stipulation of Settlement ("Stipulation") is preliminarily approved as fair, adequate and reasonable.

3. The Court finds that the method of identifying the Settlement Class Members, as well as the timing, form, content, and method of disseminating the proposed Class Action Settlement Notice (which is attached to the Stipulation as Exhibit B-1), supplemented by the proposed Publication Notice (which is attached to the Stipulation as Exhibit B-2), collectively satisfy the requisites of due process and of Federal Rule of Civil Procedure 23.

4. A Fairness Hearing shall be conducted on April 28, 2009 at 1:00 p.m.. The Fairness Hearing shall take place at 35 West Fifth Street, Covington, KY, in Courtroom 4B. At the Fairness Hearing, the Court will consider and determine: (a) the merits of any Objections submitted by Members of the Settlement Class; (b) whether the terms of the Stipulation should be finally approved by the Court as a fair, reasonable, and adequate settlement; and (c) whether the Settlement Class should be finally certified for purposes of settlement only. If the Court grants final approval to the terms of the Stipulation and finally certifies the Settlement Class for purposes of settlement only, the Court will also consider (d) whether any application by Plaintiff's Counsel for an award of reasonable attorney fees and reimbursement of their reasonable costs and expenses should be granted; and (e) any other matter related to the Settlement Agreement.

5. The Fairness Hearing described herein may be postponed, adjourned or continued by order of the Court without further notice to the Plaintiff Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment Approving the Settlement between Plaintiff and

Foremost in accordance with the Stipulation, which order and judgment will fully adjudicate the rights of all Settlement Class Members who have not timely requested exclusion from the Settlement Class in accordance with the terms of the Stipulation and the Class Action Settlement Notice.

6. Persons who wish to opt-out of or exclude themselves from the Settlement Class may do so by submitting a written Request for Exclusion. All Requests for Exclusion must be mailed to the Clerk of the Court and counsel for the parties, as directed and at the address set forth in the Class Action Settlement Notice. Requests for Exclusion must be postmarked no longer than forty (40) days after the date on which the Class Action Settlement Notices are mailed. A Request for Exclusion must (i) include the person's full name and current address; (ii) include a statement clearly indicating the person's desire for exclusion from the Settlement Class (e.g. a statement substantially to the effect of, "I/we hereby request that I/we be excluded from the proposed settlement class for Foremost Insurance Company in the litigation styled *Nichols, et al. v. Progressive Direct Insurance Company, et al.*, Case No. 2:06-CV-146."); and (iii) be signed by someone with authority to bind the Person. No Person shall have the right or be allowed to opt-out of the Settlement Class as a member of a class or group of persons or to act as a representative of a class or group of persons requesting to opt-out of the Settlement Class. All persons who validly request exclusion will be excluded from the Settlement Class, will be prohibited from participating in the Settlement, and shall not receive the cash refunds described in the Stipulation. No person who validly requests exclusion will have standing to submit any objection to the terms of the Stipulation. Persons who validly request exclusion shall be prohibited from appearing or being heard at the Fairness Hearing and shall be prohibited from appealing any order regarding the certification, for settlement purposes only, of the Settlement

Class or the Court's final approval of the Stipulation.

7. Any Settlement Class Member who does not submit a valid Request for Exclusion may object to certification of the proposed Settlement Class or to the terms of this Stipulation by submitting to the Court a written objection ("Objection"). All Objections must be filed with the Clerk of the Court at the address set forth in the Class Action Settlement Notice, with copies sent to Plaintiff's Counsel and Foremost's Counsel at the addresses set forth in the Class Action Settlement Notice. All Objections must be filed and postmarked no later than forty (40) days after the date on which the Class Action Settlement Notices are mailed. Persons submitting Objections must state in their objection their full name and current address. Persons submitting Objections must state in writing all of their objections and the reasons therefore, and include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations), as well as their name and address. Persons submitting Objections who wish to appear at the Fairness Hearing and present their objections to the Court orally must include a written statement of intent to appear at the Fairness Hearing. Only persons who specify in their Objections that they intend to appear at the Fairness Hearing will have the right to present their objections orally at the Fairness Hearing. Persons who do not submit timely written Objections will not be permitted to present their objections at the Fairness Hearing.

8. Any Settlement Class Member who does not present his or her objection to the Stipulation in the manner provided for in the Stipulation and Notice to Settlement Class shall be deemed to have waived any such objection to the Settlement for all purposes. This waiver shall preclude any assertion of an objection in an appeal filed in this Action, through a collateral attack in all other proceedings, or otherwise.

9. All briefs and other submissions in support of the proposed Stipulation, and any

application of Class Counsel for attorneys' fees and reimbursement of litigation costs and expenses shall be filed with the Court no later than ten (10) days prior to the Fairness Hearing. Any responses to any written objection to the Stipulation shall be filed not less than three (3) days prior to the Fairness Hearing.

10. If the Stipulation is finally approved, the Court shall enter a Final Order and Judgment approving the Settlement, which shall be fully binding with respect to all Settlement Class Members who have not timely requested exclusion in accordance with the terms of the Stipulation and the Notice to the Settlement Class.

11. Pending final determination of whether the Stipulation should be finally approved, and in aid of the Court's jurisdiction, Mr. Robert Nesbitt and all Members of the Settlement Class, and anyone acting on their behalf (including, but not limited to, attorneys, representatives, and agents of any Member of the Settlement Class), are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or in any other capacity of any kind whatsoever, any action in this Court, any other federal court, any state court, or any other tribunal or forum of any kind, against Foremost Insurance Grand Rapids, Michigan or any of the Released Parties that asserts any of the Settled Claims, which would be released and discharged upon final approval of the Settlement (except (a) as the Court may further order upon application of a Settlement Class member and notice to all parties or (b) as necessary to enforce the terms of the Stipulation). Any person or entity who knowingly violates such injunction will pay the costs and attorneys' fees incurred by any person or entity as a result of the violation.

12. All discovery and other pretrial proceedings in this Action between Plaintiff and Foremost are stayed and suspended, except such actions as may be necessary to implement the

Settlement and this Order.

13. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court makes the following preliminary findings of fact and conclusions of law:

   a. The Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable;

   b. There are questions of law and/or fact common within the Settlement Class;

   c. The claims of Robert Nesbitt are typical of the claims of the Settlement Class Members;

   d. Robert Nesbitt will fairly and adequately represent and protect the interest of the Settlement Class;

   e. The interests of Robert Nesbitt do not conflict with the interests of the Settlement Class in the maintenance of this Action;

   f. The questions of law and/or fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members; and

   g. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

14. Alexander F. Edmondson and Jason V. Reed of the law firm Edmondson & Associates; Christopher S. Nordloh of Nordloh Law Office, PLLC; Gary E. Mason of The Mason Law Firm, LLP; and John C. Whitfield of Whitfield & Cox P.S.C. are hereby preliminarily approved as Class Counsel and the Court preliminarily finds that they will adequately represent the interests of the Settlement Class.

15. In the event that the proposed Stipulation is not finally approved by the Court, or for any reason does not become final, or in the event that the Stipulation becomes null and void

pursuant to its terms, or entry of a Final Order and Judgment as provided in the Stipulation does not occur for any reason, then the Stipulation, all drafts, negotiations, discussions, and documentation relating thereto, and all others entered by the Court in connection therewith (including, but not limited to, this order, and any other order conditionally certifying a Settlement Class) shall become null, void, and of no further force and effect and shall not be used, referred to, or admissible for any purposes whatsoever in this Action or in any other case or controversy or proceeding. In such event, the Stipulation and all negotiations and proceedings related thereto shall be deemed to be withdrawn without prejudice as to the rights of any and all parties thereto, and the parties shall be restored to their respective positions as of the date immediately preceding the execution of the Settlement.

DONE and ORDERED this 5th day of January, 2009.

Signed By:
David L. Bunning
The Honorable David L. Bunning, United States District Judge