Eastern District of Kentucky
FILED
MAY - 1 2009
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (COVINGTON)

JAMES D. NICHOLS, et. al., )
)
      Plaintiffs, )
)
v. ) Civil Action No.: 2:06cv146 (DLB)
)
PROGRESSIVE DIRECT )
INSURANCE CO., et al., )
)
      Defendants. )
_____)

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT; AND JUDGMENT, FINAL ORDER AND DECREE

**THIS MATTER** coming on for hearing before the undersigned Judge on April 28, 2009, pursuant to this Court's Preliminary Approval Order of January 5, 2009, in order for this Court to conduct a final fairness hearing to determine whether the proposed Settlement between Plaintiff Robert Nesbitt and Defendant Foremost Insurance Company Grand Rapids, Michigan and those affiliated companies identified in the Stipulation of Settlement collectively as "Foremost," (hereafter "Settling Defendant") is fair, reasonable and adequate, and to address Settlement Class Counsel's application for an award of attorneys' fees and costs; and the Settlement Class Members being represented by Class Counsel and Settling Defendant being represented by its attorneys;

**AND THE COURT** having read and considered the Stipulation of Settlement, having reviewed the Notice Plan, and Memoranda submitted by Settlement Class Counsel, having received evidence at the hearing and having heard arguments from Settlement Class Counsel and the Settling Defendant, and having considered the submissions by Settlement Class Members, and being further

advised in the premises, now makes the following:

## FINDINGS OF FACT

1. This Litigation was commenced on or about June 22, 2006, as a putative class action.

2. After litigation between the parties, and several months of arm's-length negotiations between Settlement Class Counsel and Settling Defendant, the parties reached accord with respect to a Stipulation of Settlement that provides substantial benefits to Settlement Class Members, in return for a release and dismissal of the claims at issue in this case against Foremost, ("Stipulation of Settlement"). The resulting Stipulation of Settlement was preliminarily approved by the Court on January 5, 2009.

3. As part of the Order Granting Preliminary Approval, this Court approved a proposed Notice Plan and Class Notice, which provided Settlement Class Members notice of the proposed Settlement. The Notice Plan provided an opportunity for Settlement Class Members to file objections to the Stipulation of Settlement, or to exclude themselves from the Stipulation of Settlement.

4. The Settling Parties have filed with the Court a declaration of personnel of the Settling Defendant declaring that the mailing of the Court-approved notice and publication of the Court-approved publication notice, consistent with the Notice Plan, has been completed.

5. The Court finds that notice by direct mail notice and supplemental publication notice constitutes the best practicable notice of the Fairness Hearing, the proposed Stipulation of Settlement, Class Counsel's application for fees and expenses, and other matters set forth in the Class Action Settlement Notice and the Summary Notice; and that such notice constituted valid, due

and sufficient notice to all members of the Settlement Class, and complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Constitution of the United States. In particular, the Court is satisfied from the statements of Settlement Class Counsel that the notice actually generated telephone and written inquires from Settlement Class Members regarding the particulars of the Stipulation of Settlement, including whether individual Settlement Class Members were among those receiving direct refunds or those whose awards comprised the proposed *cy pres* donation.

6. Any persons who wished to be excluded from the Litigation were provided an opportunity to "opt-out" pursuant to the Notice. The two persons who have validly excluded themselves from this Litigation have no rights under the Stipulation of Settlement and shall not be bound by the Stipulation of Settlement or the final judgment herein.

7. Settlement Class Members are bound by the Stipulation of Settlement and releases contained therein, and the Final Order and Judgment, and do not have any further opportunity to opt-out of the Litigation.

8. No Settlement Class Member filed a timely objection. Any Settlement Class Member who did not timely file and serve an objection in writing to the Stipulation of Settlement, to the entry of Final Order and Judgment, or to Settlement Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Class Action Settlement Notice and mandated in the Order Granting Preliminary Approval of Settlement, is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

9. On the basis of all of the issues in this Litigation, and the provisions of the Stipulation of Settlement, the Court is of the opinion that the Stipulation of Settlement is a fair,

reasonable and adequate compromise of the claims against Settling Defendant, in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in affirming this Stipulation of Settlement, including:

    a.    The liability issues in this case have been vigorously contested.

    b.    The Court notes that for settlement purposes, this Stipulation of Settlement has the benefit of providing substantial benefits to Settlement Class Members now, without further litigation, under circumstances where class certification and liability issues are still vigorously contested among the parties to this Litigation.

    c.    The Stipulation of Settlement is clearly a byproduct of litigation between the parties, and not a result of any collusion on the part of Settlement Class Counsel or Counsel for Settling Defendant.

10. Settlement Class Counsel submitted to the Court and served Settling Defendant their application for reasonable attorneys' fees, costs, and expenses consistent with the terms of the Stipulation of Settlement. This Court has considered Settlement Class Counsel's request and hereby grants the request.

11. The procedure established under the Stipulation of Settlement for calculation and distribution of refunds to Settlement Class Members is fair and simple, and the proposed distribution plan is appropriate. Specifically, the Court is satisfied that the collective distribution of Settlement Refunds of less than $5.00 each (collectively totaling $1,602.84), to the Kentucky Chapter of the March of Dimes, is an appropriate *cy pres* distribution, given the *de minimus* amounts of the subject individual Settlement Refunds. The Court will retain jurisdiction over the Settlement as may be necessary to resolve unanticipated issues.

# NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of this proceeding.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Class is certified for purposes of final settlement:

> All persons, in the Commonwealth of Kentucky, who purchased insurance from or underwritten by Foremost Insurance Company Grand Rapids, Michigan, Foremost Property and Casualty Insurance Company, or Foremost Signature Insurance Company, during the Relevant Time Period (June 22, 2001, through December 31, 2007), and who were charged local government taxes on their payment of premiums which were either not owed, or were at rates higher than permitted as determined by Foremost's policy records.

3. The Court finds that, for the purpose of this Stipulation of Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for settlement class certification under Rule 23 are present. The Settlement Class Members are ascertainable and too numerous to be joined. Questions of law and fact common to all Settlement Class Members predominate over individual issues and should be determined in one proceeding with respect to all Settlement Class Members. The Settlement Class Representatives' claims are typical of those of the Settlement Class. The settlement class action mechanism is superior to alternative means for adjudicating and resolving this Litigation.

4. The Settlement Class Representative Robert Nesbitt is entitled to and is hereby

awarded a payment of $5,000.00, over and above his respective proceeds under the Stipulation of Settlement, in recognition of the efforts he has undertaken and the risk he has incurred in connection with this Litigation.

5. The Court grants final approval of the Stipulation of Settlement as being fair, reasonable and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. The Court finds that the request for attorneys' fees and costs is reasonable.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion for Final Approval of the Proposed Settlement is GRANTED.

2. Settlement Class Representative Robert Nesbitt is entitled to and is hereby awarded an additional payment of $5,000.00 over and above his claim for damages, in recognition of the efforts he has undertaken and the risk he has incurred in connection with this Litigation.

3. Settlement Class Counsel's application for attorneys' fees and expenses is granted, and the sum of $62,964.16 shall be paid to Class Counsel pursuant to the terms of the Stipulation of Settlement, as representing Settlement Class Counsel's attorney's fees and litigation costs.

4. This Litigation and all claims against the Settling Defendant (including as appropriate claims against the affiliated companies of Foremost Insurance Company Grand Rapids, Michigan which were not named in this lawsuit, but which are named in the Stipulation of Settlement) are hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Litigation, all Parties, and Settlement Class Members, to interpret and enforce the terms, conditions and obligations of the Stipulation of Settlement.

5.  All Class members who have not timely filed an opt-out request are barred and enjoined from commencing and/or prosecuting any Released Claims against Settling Defendant.

This the 1st day of May, 200_

Signed By:
David L. Bunning
United States District Judge

The Honorable David L. Bunning
United States District Court