Eastern District of Kentucky
FILED

FEB 24 2011

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION (COVINGTON)

JAMES NICHOLS, et al.,

    Plaintiffs,

v.

PROGRESSIVE DIRECT
INSURANCE CO., et al.,

    Defendants.

Case No.: 2:06-CV-00146 (DLB)

Judge David L. Bunning

*AND*

JEFF & HEATHER HASSAN, et al.,

    Plaintiffs,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Defendant.

Case No.: 2:07-CV-00139 (DLB)

Judge David L. Bunning

*AND*

LISA HARTMAN, et al.,

    Plaintiffs,

v.

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

    Defendant.

Case No.: 2:08-CV-0042 (DLB)

Judge David L. Bunning

### AMENDED FINAL ORDER AND DECREE GRANTING APPROVAL OF STIPULATION OF SETTLEMENT AND DIRECTING ENTRY OF JUDGMENT

**THIS MATTER having come** before the undersigned Judge on November 18, 2010, in order for this Court to conduct a final fairness hearing to determine whether the proposed Stipulation of Settlement with Defendant Defendants, Progressive Direct Insurance Company, Progressive Casualty Insurance Company, and Progressive Northern Insurance Company (collectively, "Progressive"), is fair, reasonable and adequate, and to address Class Counsel's application for an award of attorneys' fees and costs; and the Settlement Class Members being represented by Class Counsel and Progressive being represented by its attorneys;

**AND THE COURT** having read and considered the Stipulation of Settlement, the Class Action Settlement Notice, and the Memoranda submitted by Class Counsel, and having received evidence in advance of and at the hearing, having heard arguments from Class Counsel and Progressive, and having considered the submissions by Class members, and being further advised in the premises, now makes the following:

### FINDINGS OF FACT

1. This Litigation was commenced on or about June 16, 2006, as a putative class action.

2. After litigation between the parties, and several months of arm's-length negotiations between Class Counsel and Progressive, the parties have reached an accord with respect to a Settlement that provides substantial benefits to Settlement Class Members, in return for a release and dismissal of claims against Progressive and a release of claims against Progressive and certain members of the Progressive family of companies. The resulting Stipulation of Settlement was preliminarily approved by the Court on April 15, 2010.

3. As part of the Order Granting Preliminary Approval, this Court approved a proposed Class Action Settlement Notice, which provided Settlement Class Members notice of the proposed Stipulation of Settlement. In accordance with the Stipulation of Settlement, the Class Action Settlement Notice also explained the opportunity for Settlement Class Members to file objections to the Stipulation of Settlement and explained the process by which Settlement Class Members could exclude themselves from the Settlement Class.

4. Class Counsel has filed with the Court a declaration from Richard Bithell, a project manager of Epiq Systems. Epiq Systems was retained by Progressive as the independent third-party Settlement Administrator for the Settlement defined in the Stipulation of Settlement. Mr. Bithell has declared that the mailing of the Court-approved Class Action Settlement Notice was completed on October 29, 2010. The individual notice was mailed via first class United States mail to 163,702 Settlement Class Members. Epiq Systems received a return of 26,389 Notices as undeliverable. The percentage of notices that were returned undeliverable (16%) was reasonable. As of November 2, 2010, Epiq Systems had received 17,241 claim forms, three Requests for Exclusion, and no objections.

5. The Court finds that the mailing of the Class Action Settlement Notice, in the form and manner ordered by the Court, has been accomplished as directed, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, was the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.

6. Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion pursuant to the Class Action Settlement Notice. The Court finds that only three persons validly excluded themselves from the Settlement Class. A list of the individuals who have validly excluded themselves from the Settlement Class is attached hereto as Exhibit "A."

7. Settlement Class Members who have not excluded themselves from the Settlement Class are bound by the Stipulation of Settlement, the releases contained in the Stipulation of Settlement, and the Final Order and Decree, and do not have any further opportunity to exclude themselves from the Settlement Class.

8. Settlement Class Members who did not timely file and serve an objection in writing to the Stipulation of Settlement, to the entry of this Final Order and Decree, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Class Action Settlement Notice and mandated in the Order Granting Preliminary Approval of Settlement, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

9. On the basis of all of the issues in this Action, and the provisions of the Stipulation of Settlement, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the claims against Progressive, pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in affirming this Settlement, including:

    a. The liability issues in this Action have been vigorously contested;

b.  The Court notes that for settlement purposes, this Settlement has the benefit of providing substantial benefits to Settlement Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the remaining parties to the Litigation;

c.  The Settlement is clearly a byproduct of litigation between the parties, and not a result of any collusion on the part of Class Counsel or Counsel for Progressive.

10.  Class Counsel submitted to the Court and served Progressive with their application for reasonable attorneys' fees, which did not include a separate request for costs and expenses, which was in all respects consistent with the terms of the Stipulation of Settlement. This Court has considered Class Counsel's request for an award of reasonable fees and expenses of $700,000, to be paid by Progressive. The Court notes, solely for record purposes, that Class Counsel incurred just $3,267.27 in costs, and as such attributes $3,267.27 to Class Counsel's attorney fee.

11.  The Class Representative and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of each of the Settlement Sub-Classes.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND THOSE ORAL FINDINGS OF FACT ARTICULATED AT THE FAIRNESS HEARING REFERENCED HEREIN, THE COURT HEREBY MAKES THE FOLLOWING:**

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction over the parties and the subject matter of this proceeding.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the class is certified for purposes of final settlement:

> All persons, including individuals and corporations, in the Commonwealth of Kentucky who purchased insurance from Progressive, during the Relevant Time Period, and who paid local government taxes on their payments of premiums that were not owed, as determined by utilizing information available in Progressive's records.

3. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification for purposes of settlement only under Rule 23 are present. The Settlement Class Members are ascertainable and too numerous to be joined. Questions of law and fact common to all Settlement Class Members predominate over individual issues and should be determined in one proceeding with respect to all Settlement Class Members. The Settlement Class Representative's claims are typical of those of the Class. The class action mechanism is superior to alternative means for adjudicating and resolving the Litigation between Plaintiffs and Progressive.

4. The Settlement Class Representative James Jarboe is entitled to and is hereby awarded a payment of $5,000.00, over and above his respective proceeds under the Settlement Agreement, in recognition of the efforts she has undertaken and the risk she incurred in bringing this Litigation. The Settlement Class Representatives Jeff and Heather Hassan, jointly, are entitled to and are hereby awarded a payment of $5,000.00, over and above their respective proceeds under the Settlement Agreement, in recognition of the efforts they have undertaken and the risks they incurred in bringing this Litigation. The Settlement Class Representative Lisa Hartman is entitled to and is hereby awarded a payment of $5,000.00, over and above her

respective proceeds under the Settlement Agreement, in recognition of the efforts she has undertaken and the risk she incurred in bringing this Litigation.

5. The Court grants final approval of the Settlement Agreement as being fair, reasonable and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. The Court finds that the request for attorneys' fees, inclusive of costs, of $700,000 is fair and reasonable.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion for Final Approval of the Proposed Settlement is GRANTED and the parties to the Stipulation of Settlement are directed to consummate the terms of the Stipulation of Settlement.

2. All claims in this Action against Progressive are hereby dismissed with prejudice.

3. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Final Judgment shall be immediately entered as to all claims in the Action between Plaintiffs and Progressive. The Court expressly determines that there is no just reason for delay in entering this Final Judgment.

4. The class described above is certified for settlement purposes only.

5. Settlement Class Representative James Jarboe is entitled to and is hereby awarded an additional payment of $5,000.00 over and above his claim for damages, in recognition of the efforts he has undertaken and the risk he incurred in connection with this Litigation. The Settlement Class Representatives Jeff and Heather Hassan, jointly, are entitled to and are hereby

awarded a payment of $5,000.00, over and above their respective proceeds under the Settlement Agreement, in recognition of the efforts they have undertaken and the risks they incurred in bringing this Litigation. The Settlement Class Representative Lisa Hartman is entitled to and is hereby awarded a payment of $5,000.00, over and above her respective proceeds under the Settlement Agreement, in recognition of the efforts she has undertaken and the risk she incurred in bringing this Litigation.

6. The Class Counsel's application for attorneys' fees and expenses is GRANTED, and Class Counsel shall be and the same hereby are awarded $700,000, to be paid by Progressive.

7. Progressive has issued the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715. Under CAFA, however, the Court may not grant Final Approval of the Class Action Settlement until ninety days have elapsed from the date of such notice. Because the 90-day period had not elapsed as of the date of the Final Approval Hearing, which was held on November 18, 2010, and the parties desiring to avoid the accrual and payment of interest on Class Counsel's attorneys' fees, Progressive and Class Counsel have agreed that Progressive shall pay to Class Counsel its attorneys' fees as awarded in Paragraph 6, above, before formal entry of this Final Order.

8. Progressive, however, shall pay any interest that accrues on the refunds to the Settlement Class Members that accrues between the date of the Final Approval Hearing, which was held on November 18, 2010, and the date on which this Final Order is entered. Interest shall accrue at a rate of 8% per annum, calculated on a simple basis.

9. The Released Parties described in the Stipulation of Settlement are released and discharged from any and all liability with respect to the Settled Claims, as set forth in the Stipulation of Settlement.

10. The Court shall reserve continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the Stipulation of Settlement, over the enforcement, construction and interpretation of the Stipulation of Settlement, and over the enforcement, construction, and interpretation of the Judgment, including, but not limited to, the provisions therein enjoining any further litigation of Settled Claims, and over the Settlement Class Representative and all members of the Settlement Class (and their attorneys and law firms) in connection therewith.

11. In order to protect the continuing jurisdiction of the Court and to protect and effectuate the Court's judgment in this Action, the Settlement Class Representative and all members of the Settlement Class, and anyone acting on their behalf (including, but not limited to, attorneys, representatives, and agents of the Settlement Class Representative or any member of the Settlement Class), are permanently and forever barred and enjoined from instituting, commencing, or continue to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or in any other capacity of any kind whatsoever, any action in this Court, any other federal court, any state court, or any other tribunal or forum of any kind, against Progressive or any of the Released Parties (defined in the Stipulation of Settlement) that asserts any claims that are Settled Claims under the terms of the Stipulation of Settlement (except as necessary to enforce the terms of this Stipulation of Settlement); and providing that any person or entity who knowingly violates such injunction will pay the costs and attorney fees incurred by any person or entity as a result of the violation.

This the 24th day of February, 2011.

_____
The Honorable David L. Bunning
United States District Court